Charles H. PLUMMER, Jr., Appellant

v.

**UNITED STATES of America,**
Appellee.

No. 14355.

United States Court of Appeals
District of Columbia Circuit.

Argued June 25, 1958.

Decided Oct. 9, 1958.

Mr. Bruce R. Harrison, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Circuit Judge, and HASTIE, Circuit Judge, United States Court of Appeals for the Third Circuit,* and BURGER, Circuit Judge.

PER CURIAM.

This is an appeal from a denial without hearing of a motion to vacate sentence. 28 U.S.C. § 2255. After conviction on a charge of taking immoral and indecent liberties on a female child eleven months old, appellant was sentenced on October 7, 1955, to imprisonment for a term of three to nine years. The judgment was affirmed by this Court on appeal. Plummer v. United States, 1956, 99 U.S.App.D.C. 50, 237 F.2d 204.

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).

Appellant, now represented on appeal by appointed counsel, contends that he was entitled to a hearing on his motion, citing two grounds: first, that his motion presented substantial allegations; second, that a point not raised in his motion but apparent from the record entitled him to a hearing.

■ The motion, which was prepared by appellant without assistance of counsel, alleged four grounds for vacating sentence: (1) illegal arrest, (2) illegal detention, (3) illegal search and seizure, and (4) ineffective assistance of counsel. The first three points are not grounds for vacating a sentence under § 2255 and do not entitle appellant to a hearing. See White v. United States, 1956, 98 U.S.App.D.C. 274, 235 F.2d 221; Newman v. United States, 1950, 87 U.S. App.D.C. 419, 184 F.2d 275. As to the fourth point, the motion does not allege such conduct of counsel as would possibly constitute ineffective assistance. See Mitchell v. United States, 104 U.S. App.D.C. ——, 259 F.2d 787.

■ Appellant also urges reversal of the trial court for the specific reason that trial counsel failed to present insanity as a defense, although in his motion to the District Court he made no reference to this point and the District Judge was therefore unaware of any such claim.[1] He argues that this court should order the court below to conduct hearings to determine whether appellant's trial counsel failed to carry out his duty to present and argue the defense of insanity. Since this point was not specifically mentioned in the motion below,

it cannot be raised on appeal. Council v. Clemmer, 85 U.S.App.D.C. 74, 75, 77, 177 F.2d 22, 25, certiorari denied, 1949, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540; Walker v. United States, 7 Cir., 1955, 218 F.2d 80, 81.

If this argument, raised for the first time by counsel on appeal, has any merit in law and fact, relief on that basis is not necessarily foreclosed by this holding. A second or successive motion under § 2255 may be entertained under certain circumstances at the discretion of the District Court.[2] If petitioner presents a second motion making appropriate allegations, the District Court may exercise its discretion and grant a hearing on the motion. Cf. Belton v. United States, 104 U.S.App.D.C. ——, 259 F.2d 811.

Important considerations of public policy suggest that a compulsive sex offender who requires and can possibly be benefited by psychiatric treatment should be committed to a mental hospital for such treatment rather than confined in an ordinary penal institution. However, if appellant is in fact a person who should have been so dealt with, the present record falls short of establishing it.

Affirmed.

BAZELON, Circuit Judge (dissenting).

Appellant is an indigent and ignorant layman. He was without counsel when he filed this motion under § 2255. He will presumably be without counsel when and if he wishes to file any new motions which this court now requires.

1. It is not accurate to say, as the dissent does, that "the facts concerning appellant's history of insanity were brought to the District Court's attention by counsel's Rule 92(a) memorandum * * *." What appellant's counsel did was to say simply and in conclusory terms "there was a definite question as to the sanity of the defendant and counsel should have utilized this as a defense." This did not inform the trial court of the *facts* but only of counsel's opinion; *it is not for counsel to impose on the trial court the duty of searching through a voluminous record to see if counsel's "shotgun" conclusions are supported by the record. The word "schizophrenia" is found only in one obscure reference in the record. It appears near the end of a handwritten letter to the court from a government psychiatrist. The trial judge should not be expected to ferret out what is later urged as the heart of the case when counsel himself fails to do so.

2. See Price v. Johnston, 1948, 334 U.S. 266, 291, 68 S.Ct. 1049, 92 L.Ed. 1356; Turner v. United States, 103 U.S.App. D.C. 313, 258 F.2d 165.

I agree with my brethren that, based upon the various allegations of the present motion, the District Court correctly denied it. But thereafter the District Court, under its Rule 92(a), appointed counsel to assist appellant in pursuing his application to proceed in forma pauperis; counsel referred to the record of the case which showed that three months after the crime Government psychiatrists had found appellant to be suffering from schizophrenia and incompetent to stand trial.[1] Appointed counsel charged that trial counsel's failure in those circumstances to interpose a defense of insanity at the trial constituted ineffective assistance of counsel.

The record shows that appellant's crime consisted of sexual molestation of an eleven-month-old baby, causing her to bleed from the vagina. It shows further that, three months after the crime, proceedings were instituted to determine appellant's mental condition; that the court ordered mental examinations as a result of which it was reported that appellant was psychotic, suffering from schizophrenia; that the court then ordered a competency hearing, as a result of which, on November 19, 1954, appellant was adjudicated incompetent to stand trial and was placed in the United States Public Health Hospital at Lexington, Kentucky; and that, five months later, the hospital authorities certified and, after another hearing, the court found that appellant was then competent to stand trial.[2]

We need not try to decide whether, on the evidence that could have been produced, appellant would have been acquitted by reason of insanity. It seems obvious, however, that a man who vents his sexual lust upon an eleven-month-old baby, three months later is found by Government psychiatrists to be suffering from schizophrenia, and is then sent to a hospital because he is mentally incompetent to defend himself, has a substantial insanity defense when he is ultimately brought to trial. What reason, if any, his lawyer could have had for not raising that defense is revealed neither by the record before us nor by the files of the District Court available to us. Therefore, whether failure to interpose the defense constituted ineffective assistance of counsel so as to vitiate the conviction cannot be determined without a hearing.

There are at least two compelling reasons for ordering that inquiry now: (1) It is unrealistic to believe either that appellant could have been aware of the applicable legal authorities when he filed the present motion without the assistance of counsel or that, now being informed of some of these authorities by the majority's opinion, he will be able to understand and apply them in preparing papers for a new proceeding in which he will probably again be without the assistance of counsel. (2) The public is especially concerned in the defense of insanity. For, as my brothers would no doubt agree, hospitalization and treatment which follow acquittal by reason of insanity, rather than imprisonment upon conviction, offer greater promise for rehabilitating compulsive sex offenders and therefore greater protection for the community.

When the facts concerning appellant's history of insanity were brought to the

1. Whatever may be said of counsel's duty to spell out to the trial judge those details in the court's file upon which counsel relies, rather than expect the judge to ferret them out, the facts here called to the attention of the judge required no spelling out. They literally leap to the eye. It is hardly too burdensome to expect the trial judge to be aware of material in his file which shows that shortly after the crime appellant had been found to be suffering from schizo-phrenia and that the trial had been postponed for several months during which time appellant had received treatment in a mental hospital.

2. Neither the hospital authorities nor the court found that appellant had recovered from his mental illness and would not be dangerous within the foreseeable future. Cf., e. g., Return to order to show cause in habeas corpus proceeding In re Paul A. Pendergraph, Habeas Corpus No. 80–58 (D.D.C.1958).

District Court's attention by counsel's Rule 92(a) memorandum, the District Court could have reconsidered, sua sponte, its disposition of appellant's § 2255 motion. I think sound judicial administration, in promoting the protection of the community as well as the best interests of the individual, required such reconsideration. I would therefore remand the case to the District Court for a hearing to determine whether it was ineffective assistance of counsel which deprived appellant of the insanity defense. If it is determined that the insanity defense was not raised for some other reason, then, I think, the question arises whether the failure to invoke that defense, in connection with behavior which so seriously endangers the community, defeats the purpose of the criminal law.