UNITED STATES of America

v.

**Charles H. PLUMMER, Jr.**

**Crim. No. 726-54.**

United States District Court
District of Columbia.

March 6, 1959.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for the United States.

Bruce R. Harrison, Washington, D. C., for petitioner-defendant.

YOUNGDAHL, Judge.

This matter came on for hearing on defendant's motion for relief pursuant to 28 U.S.C.A. § 2255.

The history of the case is as follows: On July 6, 1954, the defendant was indicted for violation of D.C.Code § 22–3501(a). On September 15, 1954, a motion for a mental examination was filed and on September 23, 1954, the defendant was committed. Based on the findings of Doctors De Fillippis and Perretti (although only the former submitted a statement which has been filed), Judge Tamm, on November 19, 1954, found the defendant incompetent to stand trial and committed him to the custody of the Attorney General until found competent.

Subsequently, on April 29, 1955, the defendant was found competent to stand trial. Mr. John D. Fauntleroy was then appointed to defend and, after one mis-

trial, defendant was found guilty as indicted by a jury on September 16, 1955. On October 6, 1955 he was sentenced to a term of three to nine years.

Mr. Fauntleroy then filed an application to appeal in forma pauperis which was granted. On March 29, 1956, the Court of Appeals unanimously affirmed the conviction. Plummer v. United States, 1956, 99 U.S.App.D.C. 50, 237 F.2d 204.

The defendant, on May 11, 1956, filed a letter which the Court treated as a motion to vacate under § 2255 and denied on May 24, 1956. On July 24, 1957, another 2255 motion was filed which the Court denied on October 31, 1957. When the defendant filed an application for leave to appeal in forma pauperis from the Court's fiat of October 31st, the Court appointed Mr. Bruce R. Harrison as counsel who then filed a memorandum pursuant to Local Rule 92–A. In this memorandum, for the first time, the issue was raised of Mr. Fauntleroy's effectiveness as trial counsel in light of his failure to present insanity as a defense. On January 27, 1958, leave to appeal in forma pauperis was granted.

On October 9, 1958, the Court of Appeals affirmed (with one dissent) the denial of the 2255 motion, stating that it could not consider the issue of trial counsel's ineffectiveness for failure to raise insanity as a defense because the allegation had not specifically been raised below. Plummer v. United States, D.C. Cir.1958, 260 F.2d 729. The Court further indicated, however, that:

> "If petitioner presents a second [third?] motion making appropriate allegations, the District Court may exercise its discretion and grant a hearing on the motion." 260 F.2d at page 730.

On November 6, 1958, a motion was filed by Mr. Harrison on behalf of the defendant for relief pursuant to § 2255. The motion alleged that the defendant had not had effective assistance of counsel at his trial since the defense of insanity had not been raised. On February 6, 1959, a hearing on this motion was granted, and based on the hearing, the memoranda filed, and the Court's recollection of the trial, the Court makes the following

### Findings of Fact

1. Mr. Fauntleroy carefully considered the issue of insanity as a defense to the criminal charge. With the thought of a possible defense of insanity, he conferred with the defendant, with one of the two psychiatrists who had examined the defendant on the Court's order of September 23, 1954 (which one of the two he is uncertain), with the complaining witness, and with the defendant's mother. Based on these consultations, Mr. Fauntleroy arrived at the conclusion that the defendant's history did not justify the interjection of a defense of insanity. More specifically, Mr. Fauntleroy was informed by the psychiatrist that he could not testify as to the defendant's condition on the day the crime took place. From the defendant's mother and from the defendant, Mr. Fauntleroy learned that the defendant had no history of mental illness prior to the indictment.

2. The defendant appeared to be of sound mind at the time of the trial. He conferred with his counsel and assisted in the defense. He consented to the decision of his counsel not to utilize the defense of insanity and this fact was emphasized by the defendant himself at the hearing on this motion.

3. Trial counsel did not utilize the defense of insanity because he thought the evidence did not warrant it and because he felt that, in good conscience, he could not urge it upon the Court.

### Conclusions of Law

■ 1. A failure to utilize the defense of insanity does not constitute ineffective assistance of counsel where the failure is due to trial counsel's judgment concerning the efficacy of the defense and the trial tactics to be employed. Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707; Mitchell v. United States, D.C.Cir.1958, 259

F.2d 787, certiorari denied 1958, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

2. The defendant was not denied the effective assistance of counsel at his trial in September, 1955 because of failure to raise the defense of insanity.

Motion denied.