**UNITED STATES of America**

v.

**John David McCLELLAN.**

**Crim. Nos. 15875, 15876.**

United States District Court
W. D. Pennsylvania.
April 12, 1960.

Daniel Snyder, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

Donald C. Winson, Pittsburgh, Pa., for John David McClellan.

MARSH, District Judge.

Pursuant to § 2255, 28 U.S.C.A., the defendant McClellan moved to vacate concurrent sentences of ten and five years, respectively, on his plea of guilty to two informations, each charging con-

cealment, sale and disposition of stolen property. 18 U.S.C. § 2315.[1] The ten year sentence was subsequently reduced to five years. All the sentences specified that McClellan may become eligible for parole at such time as the Board of Parole may determine. 18 U.S.C. § 4208.

The defendant was arraigned with four co-defendants, Daniel Langston, Milton Rosenberg, Paul Rosenberg and Harry Block. The defendant and co-defendant, Daniel Langston, were represented by D. B. King, Esq. and Egon M. Gross, Esq., both of whom had been previously appointed by an associate judge of this court. All five defendants pleaded guilty to the informations.

Explanation in open court of the right to have the charges submitted to a Grand Jury was made at least five times in the defendant's presence; likewise, the two informations charging sale of stolen goods were explained three times and the maximum penalties announced in his presence. The right to a trial by jury was explained. All the defendants consented to be prosecuted by way of informations. McClellan, the last to be arraigned, executed the waivers of indictment and signed the pleas of guilty. He stated unequivocally that he had previously discussed the charges with his appointed counsel and that his pleas of guilty were made voluntarily and uninfluenced by any promises or inducements. His counsel concurred in the pleas.

The grounds relied upon by defendant to vacate sentences are:

1. That he and Langston had conflicting interests, i. e., that Langston was the principal and McClellan merely a duped aider and abettor, and since he and Langston were represented by the same appointed counsel, his rights under the Sixth Amendment were violated.

2. That he told facts to his counsel indicating his innocence but they insisted that he plead guilty.

3. That his counsel prevented him from stating mitigating facts to the court.

4. That he pleaded guilty after his counsel advised that any jail sentence would run concurrently with a federal parole violation term which he assumed was pending against him.

In my opinion, none of the grounds were substantiated.

■ I find as a fact that defendant's pleas of guilty were voluntarily, advisedly, understandingly and intentionally entered by him after several prior consultations with his appointed counsel, and with full knowledge of his rights under the law, and because he was, in truth, guilty of the crimes charged.

Defendant did not tell his counsel any facts which to them indicated his innocence. Voluntarily and unrestrained by any act or conduct on the part of his attorneys, defendant admitted his guilt and told the court that he was an aider and abettor, seeking out the purchaser for the stolen merchandise on two separate occasions. In the light of all the circumstances, his recantations made at the hearing are not credible but reflect only his disappointment with the sentences received.

■ I find Attorneys King and Gross performed the duties of their appointment conscientiously, diligently, and loyally to defendant, and consulted with Langston and the defendant many hours. Defendant voiced no timely objection to the appointment of or representation by joint counsel. Both defendant and Langston had advised joint counsel that they would plead guilty. Such being the case, I find no conflicting interests between the defendant and Langston which would necessitate separate counsel at

1. The defendant was also sentenced to one year imprisonment on a charge under the Dyer Act, 18 U.S.C. § 2312, concerning which no complaint is made.

the hearing when their pleas were entered. Defendant's constitutional right to effective counsel devoted solely to his own interest was not violated; he was not prejudiced in any way by the joint representation.

There was some suggestion that his counsel should have vilified Langston to a greater extent than was done, i. e., that his counsel should have emphasized that he was the thief and defendant the dupe. But the presentence report showed Langston to be a habitual criminal and the admitted principal in the charges of selling stolen goods. At the hearing Langston frankly admitted that he was responsible for the predicament of his co-defendant and requested leniency for him. The record will disclose that the court was fully aware of Langston's major culpability and sentenced him accordingly. The defendant, however, admitted that he was Langston's agent on both occasions, with full knowledge that his complicity was criminal.

The defendant complains that his counsel failed to minimize defendant's part in selling the stolen merchandise, i. e., that he played only a minor part as a favor to his friend, Langston. But the court was fully aware that defendant was not the thief and merely an aider and abettor, although it does appear at the "hearing to vacate" that defendant actually participated in transporting the second load of stolen goods from Pittsburgh, Pennsylvania, to Brooklyn, New York, for disposition.

■ I find as a fact that the defendant was adequately represented when he pleaded guilty; that defendant and his counsel accurately portrayed his relationship with Langston in mitigation of the offense. In trying to help defendant, his counsel went far beyond the call of duty by procuring for defendant an examination by a psychiatrist who donated his services and rendered a report to the court. They also were instrumental in subsequently procuring the reduction of defendant's sentence. It is regrettable that the good faith, diligence and zeal displayed by these earnest young lawyers serving without compensation in defendant's behalf should be rewarded only by unmerited charges of disloyalty and accusations of improbable verity.

I find as a fact that the defendant was not induced by his counsel or any other persons to plead guilty by duress, coercion, fear or misrepresentation.

■ I find as a fact that Attorney Gross did not kick defendant on the ankle or otherwise attempt to silence him or to suppress facts at the sentence hearing. As the transcript will disclose, defendant was permitted to say anything he desired to the court and took full advantage of the opportunity. He made no complaint to the court concerning his attorney's conduct and no untoward incident occurred which was observed by the court.

■■ I find as a fact that defendant was not advised by his counsel or by any other person that any imprisonment that might be imposed would run concurrently with imprisonment for parole violation. Simply because he subjectively harbored such an impression, or a hope of leniency, or because he did not know when he entered his guilty pleas that he would or might be subjected to a more severe sentence than anticipated, did not deprive his guilty pleas of their voluntary character. Cf. Friedman v. United States, 8 Cir., 1952, 200 F.2d 690, 696; United States v. Shneer, 3 Cir., 1952, 194 F.2d 598, 600.

I take this opportunity to express my appreciation to Donald C. Winson, Esq. for his excellent brief and the time and trouble taken pursuant to his appointment as counsel for the defendant in this proceeding.

The sentences imposed were authorized by law, and the court had jurisdiction to impose them since there was no denial or infringement of defendant's constitutional rights.

An appropriate order will be entered denying the motion to vacate sentence.