UNITED STATES of America

v.

Daniel E. LANGSTON.

Crim. Nos. 15875, 15876.

United States District Court
W. D. Pennsylvania.

June 12, 1961.

**892**

John Potter, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

Stephen A. Zappala, Pittsburgh, Pa., for Daniel E. Langston.

MARSH, District Judge.

Pursuant to § 2255, 28 U.S.C.A., the defendant, Daniel E. Langston, moved to vacate consecutive sentences of 10 and 5 years, respectively, on his pleas of guilty to two informations, each charging concealment, sale and disposition of stolen property. Title 18 U.S.C.A. § 2315. Both sentences specified that defendant may become eligible for parole at such time as the Board of Parole may determine. Title 18 U.S.C.A. § 4208.

A rule to show cause was issued. Alexander J. Jaffurs, Esq., who was appointed to represent defendant at the hearing on the rule, filed a brief and orally argued that defendant had alleged sufficient facts to justify taking evidence on the motion. The court being of the opinion that some of the allegations were conclusionary rather than factual, in conformance with the concurring opinions in United States ex rel. Darcy v. Handy, 3 Cir., 1953, 203 F.2d 407, 428 and United States v. Derosier, 3 Cir., 1956, 229 F.2d 599, 601,

ordered the defendant to file an amendment or supplement to his petition in order to afford him an opportunity to state the facts and nature of the evidence if any he had, in support of the conclusionary allegations contained in the petition. The defendant filed a supplemental petition.

In the meantime, Attorney Jaffurs, having moved out of the district, was discharged as counsel, and the court appointed Stephen A. Zappala,, Esq. to represent the defendant. Subsequently, a hearing was held to permit Attorney Zappala to express his views on whether or not a hearing should be held to take evidence on defendant's petition, as supplemented and amended.

Upon due consideration of the arguments presented by both counsel, it is the opinion of the court that the motion to vacate sentence should be denied without a hearing.

The following grounds are advanced for vacating the sentences: (1) illegal arrest; (2) illegal search and seizure; (3) illegal detention; (4) that his pleas were induced by threats, promises, psychological pressures, intimidations and other deprivations of his constitutional rights; (5) that he did not have effective undivided assistance of counsel; (6) that all the co-defendants, all counsel for the co-defendants, the United States Attorney, and the court were in collusion against him; (7) that he was informed only of one charge against him but was sentenced on two separate charges; (8) there was also a suggestion that an involuntary confession had been obtained by duress, threats and psychological pressures.

■ The first three grounds, being matters relating to his arrest, do not entitle defendant to a hearing in a § 2255 proceeding. Plummer v. United States, 1958, 104 U.S.App.D.C. 211, 260 F.2d 729.

■ The averments in support of the 4th, 5th and 6th grounds are conclusionary and as such are insufficient to warrant a hearing; indeed, the defendant

seems to rely on the transcript of the sentence proceedings and the court records to sustain them instead of on specific averments of fact aliunde.

■ When a defendant, after being given an opportunity to do so, cannot aver a factual basis in support of mere conclusions, his petition on those grounds may be dismissed, for there is nothing on which to base a finding of prejudice, collusion or deprivation of constitutional rights. United States v. Mathison, 7 Cir., 1958, 256 F.2d 803; United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603; United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666; United States v. Spadafora, 7 Cir., 1952, 200 F.2d 140.

Not only is there a complete absence of supporting facts but the alleged conclusions are clearly countervailed by the undisputed and incontrovertible facts as disclosed by the court records including the official transcript of the sentencing proceedings. See: Walker v. Johnston, 1941, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; United States ex rel. Darcy v. Handy, 203 F.2d 407, supra.

Defendant was arraigned with four co-defendants on August 26, 1959. At the arraignment, the defendant and John David McClellan, a co-defendant, were represented jointly by D. B. King, Esq. and Egon M. Gross, Esq., who had been appointed on June 30, 1959 by an associate judge of this court. All five defendants waived indictment and all pleaded guilty.

The transcript of the hearing shows that defendant's right to be indicted and to a jury trial were explained and expressly waived by him in the presence of his counsel. He was aware of the maximum penalty prescribed.[1] Defendant stated that he had previously discussed the charges with his counsel. He categorically denied that any kind of promises or inducements whatsoever were offered to him which in any way influenced his pleas of guilty. He affirmed

unequivocally that his pleas were entered voluntarily. Both of his counsel informed the court that they concurred in his guilty pleas.

The defendant had every opportunity to tell the court of any threats, coercion or pressure used to induce his pleas. His volunteered statements refute the idea that there were any. His mere assertions in his petitions that his pleas were coerced and induced by threats, promises, intimidations, etc., when in open court he assured the sentencing judge to the contrary, does not, without factual specifications, raise substantial issues of fact within the meaning of § 2255.

The defendant heard C. A. John, an agent of the Federal Bureau of Investigation, detail the circumstances of the offenses involved in the informations, as well as those of similar offenses recently committed by defendant in other sections of the country where prosecutions were declined in view of the pending prosecutions in this district.

Upon inquiry by the court, the defendant admitted that the Agent's account of the crimes was true. Thereupon the defendant expressed repentance and spontaneously told the court:

"And actually, it's my fault for all these men being up here this morning. I'm sure if it wasn't for me, they wouldn't be here.

"If there is any consideration you can give them, I'd appreciate it. (Crying)" (Transcript of Pleas and Sentences, p. 21.)

Thereafter he explained how he got started on his lengthy criminal career and admitted that his criminal record which the court read to him was substantially true, although he was alert to correct that record as to some of the details.

His two lawyers each made a forceful and skillful plea that the court place defendant upon probation and give him another chance. Their remarks exhibit

---

1. Defendant heard the identical charges repeated to his co-defendants, and heard the explanation of their right to be indicted and to a jury trial. He also heard the maximum penalty announced (Transcript on Pleas and Sentences, p. 4).

diligent research, preparation and a full appreciation of defendant's dilemma. It is difficult to conceive how their representation of defendant could have been more conscientious and more adequately presented. If there is to be any criticism of his counsel, it lies in their overzealous efforts to induce the court to release an unreformed criminal on an unsuspecting public, and not in any lack of loyalty, devotion and faithful assistance to defendant. Moreover, loyal, devoted and faithful assistance and persistence of counsel does not mean that their representation must be crowned with success.[2]

The sole reason that the arguments made by defendant's counsel for probation were unsuccessful was because the court was convinced, out of the defendant's own mouth, that he was a habitual criminal in need of intensive and perhaps prolonged rehabilitation, and until then society required protection from further depredations at his hands.

■ The mere fact that defendant's two lawyers were appointed to represent a co-defendant, McClellan, who contemporaneously pleaded guilty, in and of itself does not establish that his counsel's efforts were ineffective or that defendant was prejudiced by the lack of undivided assistance of counsel. United States v. McClellan, D.C.W.D.Pa., 194 F.Supp. 128, affirmed 3 Cir., 1961, 289 F.2d 319. The transcript refutes defendant's conclusionary allegations to the contrary. His pleas were accepted only after the court was satisfied that his two lawyers had from time to time during the two months following their appointment thoroughly investigated the facts involved in the two charges and consulted him as to the advisability of entering pleas of guilty.

Neither the defendant or his co-defendant, McClellan, objected to the services of joint counsel, nor was there any suggestion that either was not satisfied with the advice and efforts of joint counsel in their behalf—before, during, or after sentence—until motions to vacate were filed by each. See: Plater v. Warden, Maryland House of Correction, 4 Cir., 1958, 261 F.2d 445; United States v. McClellan, supra.[3]

No facts are alleged which would tend to sustain the charge that the co-defendants, their counsel, the United States Attorney and the court were in collusion against defendant. Contrary to his contention, we do not think that the record discloses any collusion whatsoever; each participant seems to have reacted in a normal and expected manner.

Thus, we think, the transcript of the proceeding on its face presents a complete and incontrovertible refutation of the conclusionary averments contained in grounds 4, 5 and 6.

We turn now to the 7th ground. The fact alleged in the 7th ground, i. e., that defendant was notified only of one of the two charges on which he was sentenced, is refuted by the record. The transcript shows that the two accusations were carefully explained to the defendant by the Assistant United States Attorney. See: Starks v. United States, 4 Cir., 1959, 264 F.2d 797.

■ With respect to the 8th ground, the petition and supplement do not state categorically that defendant ever made an extrajudicial confession, but aver that federal agents in Birmingham, Alabama, "by fear, threats, promises, pyschological pressures, intimidations and other illegal deprivations of his constitutional rights" induced him to confess. But even assuming that an involuntary extrajudicial confession, oral or written, was obtained from defendant in Alabama, long prior to his pleas, he is not entitled to relief, for it was never used against him.

---

**2.** Following sentence Attorney King presented a motion for reduction of defendant's sentence, which was denied. Mr. King insisted on oral argument which was granted and the order of denial vacated. After argument the motion was again denied.

**3.** McClellan was granted a hearing because he averred facts not contained in Langston's petitions, i. e., occurrences at the sentence proceedings which were found to be incredible.

The transcript shows that such a confession was not mentioned at the sentence proceedings by either the defendant, his counsel, or by the prosecution. The sentences were predicated exclusively upon defendant's voluntary confessions and pleas of guilty made in open court. As pointed out in Voltz v. United States, 5 Cir., 1952, 196 F.2d 298, 299, he did not take advantage of his opportunity to inform the court that an involuntary confession, of which the court had no knowledge and which played no part whatsoever in his pleas of guilty or in the sentences imposed, had been previously extorted from him by officers of the law outside of the jurisdiction of this court and who were not present in court. Instead, he freely confessed in open court that he was guilty and discussed his participation in the crimes. The record affirmatively rebuts any contention of defendant that the alleged confession played any part whatsoever in his pleas of guilty or in the sentences imposed.

In similar situations it was held proper to dismiss the petition without a hearing. United States v. French, 7 Cir., 1960, 274 F.2d 297; Barnhart v. United States, 10 Cir., 1959, 270 F.2d 866; Hall v. United States, 8 Cir., 1958, 259 F.2d 430; Voltz v. United States, supra; cf. Kent v. United States, 1 Cir., 1959, 272 F.2d 795.

Upon examination of the motion, the supplemental motion, and a review of files, records and official transcript, the court finds that defendant's pleas of guilty were voluntarily, advisedly, intentionally and understandingly entered by him after consultation with his counsel, and with full knowledge of his rights under the law, and because he was, in truth, guilty of the crimes charged.

The court desires to express its appreciation to Attorney Jaffurs and Attorney Zappala for the time and efforts expended in behalf of defendant.

Order of Court

And Now, to-wit, this 12th day of June, 1961, after argument and upon due consideration of the briefs of counsel and the files, records and official transcript, It Is Ordered that defendant's petition to vacate sentence, as supplemented and amended, be and the same hereby is denied.