**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George ZAVADA, Defendant-Appellant.**

**No. 14415.**

United States Court of Appeals
Sixth Circuit.

June 22, 1961.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

George Zavada, in pro. per.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court denying a second motion filed by appellant under Title 28 U.S.C. § 2255 to vacate his sentence.

On March 21, 1938 Zavada pleaded guilty in the District Court before Honorable S. H. West, since deceased, to two indictments charging robbery of a post office and jeopardizing the life of the custodian by use of a dangerous weapon. Former Sections 317, 320, 551 of Title 18 U.S.C.[1] He was given a mandatory sentence of 25 years on each indictment, the sentences to run concurrently. Subsequently he was paroled but later returned to the penitentiary for violation of the conditions thereof.

On November 13, 1956 Zavada filed his first motion in the District Court to vacate sentence. The grounds of this motion to vacate were: (1) that he did not intelligently and competently waive the assistance of counsel; (2) that his plea of guilty was obtained by threats, coercion and promises made by the attorney for the Government, and (3) that he was uninformed as to the charges against him.

This motion was denied without a hearing. The Supreme Court in Zavada v. United States, 1958, 355 U.S. 392, 78 S. Ct. 383, 2 L.Ed.2d 356, held that he was entitled to a hearing on the factual issues raised by his motion. The District Judge then granted a hearing. Zavada was brought from Alcatraz to Cleveland on a writ of habeas corpus ad testificandum to attend the hearing. Counsel was assigned to represent him. The District Judge heard the evidence offered by both parties. He adopted findings of fact and conclusions of law. He found as a fact that Zavada did intelligently and competently waive the assistance of counsel; that the indictments against Zavada were read to him in open court and were fully understood by him and that his answers to questions propounded by the court were voluntarily and understandably given; that his plea of guilty was wholly

1. Now 18 U.S.C.A. §§ 3, 1702, 1708, 2114.

voluntary and not obtained by duress, coercion or promises. The Judge found that Zavada's claims were unworthy of belief and were false in all particulars. The Judge concluded as a matter of law that Zavada had no ground for the vacation of his sentence and denied his motion to vacate.

No appeal was prosecuted by Zavada from this order and it became final. It constituted an adjudication of all questions raised by said motion.

In his second motion to vacate, which was filed on October 6, 1960, Zavada alleged that he was arrested at his home by detectives of the Cleveland Police Department who forcibly entered, searched and removed him at gun point, taking a .32 caliber Belgian automatic pistol belonging to his father; that the case was then transferred by the city police to the Post Office Department; that a confession was obtained from him while he was in state custody and prior to his hearing before the United States Commissioner; that he had no choice but to plead guilty in view of the illegal search and seizure of the pistol and the evidence obtained against him while he was in state custody; that his rights under the Fourth and Fifth Amendments to the Constitution of the United States were violated.

The District Judge denied the second motion to vacate, without a hearing, on the ground that the motion, files and record of the case conclusively show that Zavada was entitled to no relief. He also denied a petition for rehearing. Zavada had based his second motion to vacate on Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, decided June 27, 1960. In both of these cases, however, timely objection had been made in the District Court to the use of the alleged illegally obtained evidence.

In the present case, the alleged illegally obtained evidence was not used against Zavada for he pleaded guilty to the offenses charged in the indictments. Elkins and Rios are inapplicable.

■ One who pleads guilty is not in a position to successfully move for vacation of judgment on claims of an alleged illegal search and seizure or lack of evidence to sustain a conviction. United States v. Salzano, 2 Cir., 241 F.2d 849.

■ Where illegally obtained evidence is used against a defendant, in the trial of a criminal case, he must make an objection at the time the evidence is offered so that the court may pass upon its competency. If conviction results from the use of such evidence, the defendant should exercise his right of appeal. This question cannot be raised for the first time by a collateral attack on a judgment of conviction in a motion to vacate sentence. Way v. United States, 10 Cir., 276 F.2d 912; Wilkins v. United States, 103 U.S.App.D.C. 322, 258 F.2d 416, certiorari denied 357 U.S. 942, 78 S.Ct. 1396, 2 L.Ed.2d 1557; United States v. Scales, 7 Cir., 249 F.2d 368, certiorari denied 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820.

■ Alleging unlawful search and seizure in a motion to vacate sentence does not entitle the defendant to a hearing. Plummer v. United States, 104 U.S. App.D.C. 211, 260 F.2d 729.

■ Zavada claims that because of the unlawful search and seizure, he had no choice but to plead guilty. The District Court found on Zavada's first motion to vacate that his plea of guilty was voluntary. He cannot relitigate that issue here.

In his appeal, Zavada raises a further question that he was not arraigned before the United States Commissioner without unnecessary delay in violation of Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479.

■ No evidence obtained prior or subsequent to his arraignment was used against him. Even if he had not been properly arraigned, this would not invalidate his plea of guilty. Dainard v. Johnson, Warden, 9 Cir., 149 F.2d 749.

In his first motion to vacate, Zavada stated a case good on paper but false in

fact. His second motion states no grounds entitling him to relief. The District Judge was correct in denying the motion.

Judgment affirmed.