UNITED STATES of America ex rel.
John HAZEN, Petitioner,

v.

Mr. James F. MARONEY, Superintendent
Western State Correctional Institution,
Pittsburgh 33, Pennsylvania.

Civ. A. 63–260.

United States District Court
W. D. Pennsylvania.

May 6, 1963.

Joseph B. Bagley, Pittsburgh, Pa. for petitioner.

Glenn E. Mencer, Dist. Atty., Smethport, Pa., for respondent.

MARSH, District Judge.

The relator, John Hazen, presented a petition for habeas corpus and was granted leave to file same in forma pauperis. A rule to show cause issued and counsel was appointed for the relator. After consideration of the petition and the argument of Hazen's counsel that a hearing should be held and testimony taken, it is our opinion that the rule should be discharged and the petition should be denied.

The petition and the answers filed by the respondent and the District Attorney of McKean County, Pennsylvania, show that the relator is confined in the State Correctional Institution at Pittsburgh.

The answers and certified copies of the record show that relator was sentenced on March 23, 1961, in the Court of Quarter Sessions of McKean County to a term of not less than 2 nor more than 6 years for burglary and larceny. The records further show that on that date the relator pleaded guilty to an indictment containing one count of burglary and one count of larceny "without sending same before Grand Jury".

On September 17, 1962, relator presented a petition for a writ of habeas corpus to the Court of Common Pleas of McKean County, alleging illegal arrest and illegal searches and seizures, and irregularities in the office of the Justice of the Peace at the preliminary hearing. A rule to show cause was issued, counsel was appointed for relator, and after argument the petition was dismissed.

Because substantially identical allegations are contained in the petition for the writ under consideration in this court, we accept the relator's assertion that as to these averments, he has exhausted his state remedies. As to the three other averments hereinafter set forth, which are contained in the petition presented to this federal court and which were not contained in the petition presented to the state court, we find that state remedies have not been exhausted.

The relator contends that his arrest and the searches and seizures were made without warrants, and thus were illegal; that these illegalities as well as the irregularities in the Justice's office were in violation of his state and federal constitutional rights.

It is well established that after conviction, relator is not entitled to a hearing in a habeas corpus proceeding upon averments of illegal arrest, illegal search and seizure, and irregularities occurring at the preliminary hearing. Cf. Pearson v. United States, 305 F.2d 34 (7th Cir., 1962); Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729 (1958); United States v. Langston, 194 F.Supp. 891 (W.D.Pa.1961). Complaints in regard to arrest and search are matters for defense, reviewable for possible error upon appeal and not by way of habeas corpus. Habeas corpus cannot be made a substitute for appeal. Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461; United States v. Rosenberg, 200 F.2d 666, 668 (2d Cir., 1952); United States ex rel. Cobb v. Cavell, D.C., 161 F.Supp. 174, aff'd 258 F.2d 946 (3d Cir., 1958); Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 71 A.2d 799 (1950); Commonwealth ex rel. Burge v. Ashe, 168 Pa.Super. 271, 77 A.2d 725 (1951). One who pleads guilty waives these defenses and is not in a position to successfully move for a writ of habeas corpus on claims of alleged illegal arrest, search and seizure. Cf. United States v. Zavada, 291 F.2d 189 (6th Cir., 1961); United States v. Salzano, 241 F.2d 849 (2d Cir., 1957).

We now consider the allegations contained in the petition presented to this court which were not contained in the petition presented to the state court. They are:

1. That relator did not sign a plea of guilty or not guilty.

2. That his appointed attorney told him that he would receive one year in the county jail.

3. That he was tried and sentenced for a felony by the Court of Quarter Sessions, which court did not have any jurisdiction to do so.

As to the first and second allegations, this federal court, absent exceptional circumstances which are not here present, does not have jurisdiction to hold a hearing and inquire into the truth and effect thereof because the relator did not first present these issues to the state court. In other words, relator has failed to exhaust his state remedies as to these issues. United States ex rel. Ackerman v. Johnston, 235 F.2d 958 (3d Cir., 1956).

The same is true as to the third allegation. In addition, unless some prejudice is shown to relator, such a contention is technical and a certification to the correct criminal court having jurisdiction may be made nunc pro tunc after

sentence. Brown v. Commonwealth, 78 Pa. 122 (1875).[1]

 At the hearing counsel argued that relator's federal rights have been violated because the records of the state court do not show that he was arraigned,[2] and if he was, that there is no transcript of the proceeding. Without deciding whether these omissions constitute substantial federal questions, they cannot be considered here because they were not first presented to the state court.

An appropriate order will be entered.

---

**1.** See also, Act of 1927, May 10, P.L. 879, No. 445, § 1; 17 Purdon's Pa.Stat.Ann. § 392.

**2.** See Act of 1895, May 15, P.L. 71, § 1; 19 Purdon's Pa.Stat.Ann. § 462, arraign-ment abolished except where murder is charged; cf. Act of 1961, June 13, P.L. 290, §§ 1, 2; 19 Purdon's Pa.Stat.Ann. § 465 (1962 Supp.), providing for arraignment by rule of court.