David TUCKER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17049.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1963.

Decided March 7, 1963.

Petition for Rehearing En Banc Denied En Banc June 25, 1963.

Mr. James J. Laughlin, Washington, D. C., for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant was indicted and convicted of first degree murder, defined in 22 D.C. Code § 2401. The jury's verdict of guilty was accompanied with a recommendation for life imprisonment. Appellant accordingly was so sentenced. 22 D.C.Code § 2404, as amended, 76 Stat. 46 (1962). On the same indictment and at the same trial he was also convicted of assault with intent to kill, 22 D.C.Code § 501, assault with a dangerous weapon, 22 D.C.Code § 502, and carrying a dangerous weapon, 22 D.C.Code § 3204. The sentences on these last three charges were, respectively, 5 to 15 years, 3 years and 4 months to 10 years, and one year. The sentences are concurrent.

The evidence showed that appellant had had close relations with a woman of younger years and that she had broken off the relationship. Some months thereafter appellant accosted her and a companion, another young woman, Bernice Thomas, on the street. As he approached them he put his hand in his pocket. They ran into a shoe shine parlor. Appellant followed and shot Bernice Thomas, and she died. He then caught up with the other person and attempted to shoot her also; but before he could do so two men intervened and grabbed the gun. These events occurred in August, 1957. Defendant went away and was not arrested until June, 1959, in New York City. He was then brought back to the District of Columbia and arraigned on the four count indictment. Shortly thereafter defendant was committed for psychiatric examination, followed by another commitment "until such time as the defendant * * * recovered his mental competency." The trial took place in March and April, 1962, by which time it had been determined that defendant was mentally competent to stand trial.

The defense was insanity, as to which the evidence was conflicting. The issue was one for the jury to decide, and this it did.

On appeal the questions are twofold, as follows:

I. At the beginning of his instructions to the jury with respect to the insanity defense the court said:

"The Government is not raising any legal question, as perhaps it might have a right to do, as to whether the issue of insanity is

properly in issue. The Government is willing to meet the challenge and takes the position that it has introduced evidence beyond a reasonable doubt to disprove the defense of insanity."

■ Although the court proceeded to charge the jury in considerable detail as to the burden upon the Government, it is contended that these first two sentences, to which, however, trial counsel made no objection, require reversal. In view of the considerable evidence on the issue of insanity introduced by both sides and the detailed instructions this ambiguous statement of the court does not have such significance as to warrant reversal. We are satisfied that the jury understood that the issue of insanity was in the case for it to decide and that the jury was not unduly influenced in its decision by the remarks referred to. Nor do the instructions on this issue in other respects complained of contain error which calls for reversal of the judgment.

■ II. In instructing the jury as to the difference between first and second degree murder, the latter defined in 22 D.C.Code § 2403, appellant contends that the court was not clear in pointing out that second degree murder may be with intent as well as without intent, as we held in reversing the first degree murder convictions followed by death sentences in Weakley v. United States, 91 U.S.App. D.C. 8, 198 F.2d 940 (1952), and Kitchen v. United States, 92 U.S.App.D.C. 382, 205 F.2d 720 (1953). That second degree murder may be an intentional killing was not made as clear in the present case as the law on the subject permits. In cases like the present the trial judge should endeavor to make it absolutely clear to the jury that an intentional killing may be second degree murder if premeditation and deliberation do not exist. However, the case differs somewhat from both Weakley and Kitchen. In each of those cases the instructions affirmatively advised the jury, erroneously, in a manner which excluded from second degree murder an intentional killing. The pres-

ent instructions did not go so far, though they approached the same error in the language that second degree differs from first degree in that it may be committed "either without purpose or intent to kill, or without premeditation and deliberation." On the other hand, the trial court was careful to distinguish the two degrees of murder in the important respect that premeditation and deliberation are essential elements of first degree. This was emphasized several times.

■ In view of the instructions in their entirety, the absence of objection or request for anything additional, and in view also of the evidence and sentence, we think the defect in the instructions does not amount to prejudicial error. Accordingly, we do not reverse the conviction, as the court felt obliged to do in Weakley and Kitchen.

Affirmed.

WILBUR K. MILLER, Circuit Judge, concurs in the result.