**David J. TUCKER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 2364.**

United States Court of Appeals District of Columbia Circuit.

Jan. 23, 1965.

Certiorari Denied June 7, 1965.

See 85 S.Ct. 1812.

Mr. David J. Tucker pro se.

Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., entered appearances for respondent.

Before BAZELON, Chief Judge, and FAHY, WASHINGTON, DANAHER, BASTIAN, BURGER, WRIGHT and MCGOWAN, Circuit Judges, in Chambers.

**ORDER**

PER CURIAM.

On consideration of petitioner's petition for rehearing *en banc* and of petitioner's motion for appointment of counsel, and it appearing that a majority of the judges of this circuit are not in favor of granting petitioner's aforesaid petition and motion, it is

ORDERED by the court that petitioner's petition for rehearing *en banc* and petitioner's motion for appointment of counsel are denied.

BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges, would grant petitioner's petition and motion.

BAZELON, Chief Judge (dissenting):

I think the petition for rehearing en banc should be granted. A panel of this court denied petitioner's request to appeal in forma pauperis from a denial without hearing of a 28 U.S.C. § 2255 motion and for appointment of counsel on appeal. That petition raised substantial and nonfrivolous questions concerning the scope of the Sixth Amendment right to counsel and of review under § 2255.

Damaging admissions were obtained from petitioner by government agents after his indictment for first degree murder and his appearance before a committing magistrate but before he had retained counsel. These incriminating statements were admitted into evidence at his trial,[1] arguably in violation of peti-

---

1. See petition for Rehearing En Banc, pp. 8–11; Tucker v. United States, 115 U.S. App.D.C. 250, 318 F.2d 221 (1963), Joint Appendix, pp. 56–61, 67–68.

Petitioner was indicted by the grand jury for first degree murder, assault with intent to kill, assault with a dangerous weapon, and carrying a dangerous weapon on November 4, 1957. He was arrested on June 4, 1959, when he told an arresting officer "that in August of 1957, here in Washington, D. C., he shot at one Tynia Broadway and that he missed her and accidentally shot one Bernice Thomas. He said he did not know until the folowing day, when he

read it in the newspapers, that he had actually killed Bernice Thomas." Joint Appendix, *supra*, at p. 68. He also described his flight from Washington, D. C., the day after the murder. After having appeared before a committing magistrate and having pled not guilty, he was questioned by a detective sergeant of the Metropolitan Police Department who testified, "Well, he stated that on the night of the shooting, that he had left Washington; that after the shooting he had been drinking for three days; he didn't know anything about the shooting, he had been drunk and he couldn't handle whiskey; that that night he stayed at the

tioner's Sixth Amendment right to counsel. In Massiah v. United States, 377 U.S. 201, 206, 84 S.Ct. 1199, 1203, 12 L.Ed.2d 246 (1964), the Supreme Court held "that the petitioner was denied the basic protections of that guarantee [of the Sixth Amendment right to counsel] when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel." Although *Massiah* involved eavesdropping by federal agents, the scope of the case is not limited to surreptitiously obtained admissions. The Court quoted with approval a New York Court of Appeals statement that " 'Any secret interrogation of the defendant, from and after the finding of the indictment, without the protection afforded by the presence of counsel, contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime.' " *Id.* at 205, 84 S.Ct. at 1202 quoting People v. Waterman, 9 N.Y.2d 561, 565, 216 N.Y.S.2d 70, 75, 175 N.E.2d 445, 448 (1961). People v. Waterman involved police interrogation prior to retention of counsel similar to that in the present case.[2]

This objection to a conviction should be cognizable on a § 2255 motion. A conviction obtained in violation of the right to counsel is subject to collateral attack.

See Fay v. Noia, 372 U.S. 391, 414, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) (dictum), citing Andersen v. Treat, 172 U.S. 24, 19 S.Ct. 67, 43 L.Ed. 351 (1898); Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633 (1942); *cf.* Sanders v. United States, 373 U.S. 1, 19–20, 83 S.Ct. 1068, 10 L.Ed. 2d 148 (1963) (dictum). The trial judge in denying petitioner's motion without hearing stated, "The objections to admissibility of evidence at his trial are not cognizable on a motion under 28 U.S.C. § 2255." The government's objections to Tucker's original petition to this court cited Plummer v. United States, 104 U.S. App.D.C. 211, 260 F.2d 729 (1958), in support of the trial judge's disposition. There it was held that allegations of an illegal arrest, illegal detention, and illegal search and seizure "are not grounds for vacating a sentence under § 2255 and do not entitle appellant to a hearing." Since there was no allegation in *Plummer* that unconstitutionally obtained evidence had been admitted, *Plummer* is irrelevant to petitioner's motion. Fay v. Noia, *supra,* and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), established that the erroneous admission of evidence obtained in violation of constitutional rights is a basis for a § 2254 motion. *A fortiori* such an error should be cognizable under § 2255.

Since the "facts on which petitioner's claim * * * is predicated are outside the record," petitioner has a substantial

---

Meridan Hill Park all night and had walked around the streets, in fact, going by No. 13th Precinct the next day and started to go in and give himself up; and then the next day, that he had left town and hooked a ride to Lynchburg, Virginia, and had been all over the country since then." *Id.* at p. 61.

2. People v. Waterman clearly indicates that whether defendant has retained counsel at the time of the interrogation, as he had in *Massiah,* is irrelevant to his Sixth Amendment rights. *Id.* 216 N.Y.S.2d at 75, 175 N.E.2d at 447.

The *Waterman* case suggested in dictum that the right to counsel might not be violated if the defendant were informed of the right prior to interrogation. *Id.* 216 N.Y.S.2d at 75, 175 N.E.

2d at 448. At Tucker's trial the detective sergeant who questioned Tucker after his plea of not guilty testified, "I advised him that he would be represented by counsel later * * *" Tucker v. United States, *supra* note 1, Joint Appendix, p. 61. This statement did not inform Tucker of his right to refuse to answer questions without the presence of counsel, and there is no indication that Tucker was advised of his right to counsel prior to his earlier admissions to the arresting officer. Moreover, a waiver of the right to counsel cannot be presumed from the mere fact that petitioner was informed of the right. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L.Ed. 1461 (1938).

argument that the District Court judge erred in failing to hold a hearing on whether petitioner's right to counsel had been violated. See Sanders v. United States, *supra*.