**Johnny M. GARDNER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 28867

**Summary Calendar.\***
United States Court of Appeals, Fifth Circuit.

Oct. 21, 1970.

---

\* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Johnny M. Gardner, pro se.

Earl Faircloth, Atty. Gen. State of Fla., Tallahassee, Fla., Morton J. Hanlon, Asst. Atty. Gen., Lakeland, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Petitioner, a Florida convict, appeals from an order of the district court denying without a hearing his petition for habeas corpus relief. We affirm.

Appellant, represented by court-appointed counsel, was convicted of robbery upon his plea of guilty.

Appellant's petition to vacate judgment and sentence in the convicting court pursuant to the Florida postconviction proceeding under Criminal Procedure Rule 1.850, 33 F.S.A. (Rule 1), was denied without a hearing and affirmed upon appeal. Gardner v. State, 214 So. 2d 786 (Fla.App.1968), reh. den. (1968). An "appeal" to the Florida Supreme Court was dismissed—Gardner v. State, 222 So.2d 744 (Fla.1969).

No intimation has been made by appellant that the plea as entered was not voluntary and, as such, the voluntariness of his guilty plea is not before us.

In his petition for writ of habeas corpus filed in the court below, appellant alleged that (1) he was denied the ef-

fective assistance of counsel in that a single attorney was appointed to jointly represent him and his co-defendant, and (2) his right to an "appeal" to the Florida Supreme Court was denied by that court's action in quashing his appeal. The district court denied relief without a hearing, stating that the allegations did not present a federal constitutional question.

■ Appointment of a single counsel to jointly represent co-defendants is not, per se, a denial of effective assistance of counsel. United States v. McClellan, 194 F.Supp. 128 (W.D.Pa.1960), affirmed 289 F.2d 319 (3rd Cir. 1961).

■ Appellant has not alleged, nor does it appear, that there was a conflict of interest between himself and his co-defendant which would have necessitated the appointment of separate counsel. There is nothing in the record or elsewhere which would lead us to conclude that the joint representation by court-appointed counsel was prejudicial to appellant. Moreover, it is well settled in this Circuit, as elsewhere, that a voluntary plea of guilty constitutes a waiver as to all non-jurisdictional defects in the prior proceedings. Henderson v. United States, 395 F.2d 209 (5th Cir. 1968); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).

■ Appellant's second allegation that he was denied the right to appeal to the Supreme Court of Florida is without merit. The jurisdiction of the Florida Supreme Court is expressly conferred by Rule 2.1 a(5), 32 F.S.A. of the Florida Appellate Rules. That rule provides that appeals may be taken as a matter of right from the district courts of appeal in cases involving the validity of a state or federal statute or the construction of a controlling provision of the Florida or United States Constitution. The instant case clearly does not come within the provisions of either, and as a result appellant was not entitled as a matter of right to a second appeal on his motion to vacate sentence. Assuming, arguendo, that appellant did have an absolute

right to appeal to the Florida Supreme Court, that court's dismissal of his appeal for untimely filing did not constitute a violation of appellant's constitutional rights.

Affirmed.