**David J. TUCKER, Appellant,**
**v.**
**UNITED STATES of America.**
**No. 22656.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 2, 1969.

Decided April 24, 1970.

Miss Marie S. Klooz and Mr. A. J. D. Schmidt, Washington, D. C., ·for appellant.

Mr. Sandor Frankel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Joel D. Blackwell, Asst. U. S. Atty., were on the brief, for appellee. Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

BAZELON, Chief Judge:

Appellant was convicted in 1962 of murder and several associated offenses[1] and sentenced to life imprisonment. His conviction was affirmed by this court over two claims of prejudicial error in the instructions given to the jury at trial.[2] Subsequently, he filed a series of *pro se* applications for postconviction relief, all of which were denied without hearing or the appointment of counsel by the trial court.[3] In 1968, having enlisted the aid of an attorney from Neighborhood Legal Services,[4] he filed the

---

1. Assault with intent to kill, assault with a dangerous weapon, and carrying a dangerous weapon, all charges arising out of the same incident. Appellant received concurrent sentences on all counts.

2. Tucker v. United States, 115 U.S.App. D.C. 250, 318 F.2d 221 (1963). One of several subsequent petitions for rehearing *en banc* raised the issue, inter alia, of appellant's competence to stand trial. The court appointed an *amicus* to brief the issue and eventually, treating the petition as one for rehearing by the panel, denied it "without prejudice to any proper application by appellant * * * pursuant to Title 28, United States Code, section 2255 * * *."

3. The history of appellant's previous attempts to obtain postconviction review is long and complex. Suffice it to say that this is his second motion formally made under 28 U.S.C. § 2255 (1964), and that the only reported opinion regarding his labors is Tucker v. United States, 120 U.S.App.D.C. 23, 343 F.2d 305 (on petition for rehearing *en banc*), cert. denied, 381 U.S. 952, 85 S.Ct. 1812, 14 L.Ed.2d 726 (1965).

4. Both in this court and in the court below, appellant has received admirable representation by his attorney. We take this occasion to note that her services have been in the highest traditions of the bar.

present petition, which seeks relief primarily on the ground that certain incriminating statements introduced against him at trial were the product of an illegal arrest and an illegal period of detention; were elicited by government agents after his indictment and in the absence of counsel; and were in any event involuntary because appellant at the time lacked the mental capacity to make a voluntary statement.[5] Like the others, this petition was denied without a hearing. We reverse.

## I.

■ The applicable principles may be briefly stated. A motion for postconviction relief may be denied without hearing only if "the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief;"[6] if the grounds for relief relied upon were previously determined, on the merits, adversely to the applicant after an adequate hearing, and "the ends of justice would not be served by reaching

the merits" of the new application;[7] if the government can show that a successive application for relief constitutes an abuse of the remedy;[8] or if the applicant has deliberately bypassed ordinary procedures for review available to him.[9]

■ None of these discretionary[10] exceptions to the hearing requirement is applicable to the present case. The merits of appellant's claims were not reached on direct appeal from his conviction.[11] His previous *pro se* motions for relief were denied without either a hearing or the appointment of counsel. Denial of a motion for relief without a hearing cannot be taken as a denial on the merits for the purpose of determining whether a subsequent application based on the same ground may be summarily denied,[12] and it is doubtful whether even a full hearing on the merits may be deemed "adequate" for this purpose if the applicant was through no fault of his own not represented by counsel.[13] In any event, at least one of appellant's claims rests

5. In addition, appellant sought relief on the ground that he had been denied adequate representation by counsel, both at trial and on appeal, in the proceedings that resulted in his conviction.

6. 28 U.S.C. § 2255 (1964); *see* Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

7. Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077 (1963); *see* Kaufman v. United States, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068 (1969). For a fuller discussion of the meaning of "the ends of justice" as here used, *see Sanders, supra*, 373 U.S. at 16–17, 83 S.Ct. 1068.

8. Sanders v. United States, *supra* note 7, at 17–19, 83 S.Ct. 1068. For application of these principles in a somewhat different context, see Dixon v. Jacobs, 138 U.S. App.D.C. ——, 427 F.2d 589 (1969).

9. Kaufman v. United States, *supra* note 7. Of course, "it must be clearly understood that [this] standard * * * depends on the considered choice of the petitioner.

A choice made by counsel not participated in by the petitioner does not automatically bar relief." Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, (1963). Ordinarily, a hearing must be held to determine the facts relied upon to show a deliberate bypass as well as their legal sufficiency. *Id.*

10. In all of the cases listed above, federal courts possess the *power* to reach the merits of a federal prisoner's claim for release from custody. The circumstances enumerated above simply delineate those situations in which a court may, in the exercise of its discretion, decline to exercise that power. Sanders v. United States, *supra* note 7, 373 U.S. at 18–19, 83 S.Ct. 1068.

11. See note 2 *supra.*

12. See Sanders v. United States, supra note 7, at 16, 83 S.Ct. 1068; Townsend v. Sain, 372 U.S. 293, 312–317, 83 S.Ct. 745 (1963); Thornton v. United States, 125 U.S.App.D.C. 114, 123, 368 F.2d 822, 831 (1966) (Wright, J., dissenting), *explicitly adopted in* Kaufman v. United States, 394 U.S. 217, 230–231, 89 S.Ct. 1068 (1969).

13. This is not to say that the filing of a motion for relief under § 2255 must al-

upon an intervening change in the law,[14] which would entitle him to a new hearing even if the merits had been determined adversely to him prior to that time.[15]

## II.

Several other matters require brief mention. The government contends that appellant's motion was properly denied without a hearing because the statements whose introduction he challenges were not incriminating, but exculpatory; that they may be deemed "harmless error" even if incriminating; and that, in any event, the matter is no longer open because a prisoner may not challenge on a § 2255 motion the admissibility of a confession at his trial.

■ *First.* We have some difficulty seeing how appellant's statements, some of which are set forth in the margin,[16] may fairly be characterized as "exculpatory." But in any event, "[i]f found to have been illegally admitted, reversible error will result, since the prosecution cannot on the one hand offer evidence to prove guilt, and which by the very offer is vouched for as tending to that end, and on the other hand for

the purposes of avoiding the consequences of the error, caused by its wrongful admission, be heard to assert that the matter offered as a confession was not prejudicial because it did not tend to prove guilt." [17]

■ *Second.* It is doubtful whether, under Chapman v. California,[18] the erroneous introduction of incriminating statements against a defendant may ever be deemed "harmless error." In the context of the present case, however, appellant's statement effectively eliminated any theory of accidental discharge of the gun—a theory that could not have been ruled out by other evidence in the case, as there were no witnesses who saw the actual shooting.[19] In consequence, we can hardly say that we are certain beyond a reasonable doubt that the statements challenged played no part in appellant's conviction.

■ *Third.* The Government, relying on Hodges v. United States,[20] would have us hold that the admissibility of a confession is not open to challenge on a § 2255 motion.[21] We are unable to perceive the basis for this argument.

---

ways result in the appointment of counsel for the applicant. The point is only that, if the prior application was disposed of without the appointment of counsel, a subsequent application must be considered on its own merits and not summarily disposed of on the basis of the previous denial.

14. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

15. Sanders v. United States, *supra* note 7, 383 U.S. at 17, 83 S.Ct. 1068.

16. [Tucker] told us that in August of 1957, here in Washington D. C., he shot at one Tynia Broadway and that he missed her and accidentally shot one Bernice Thomas. He said he did not know until the following day, when he read it in the newspapers, that he had actually killed Bernice Thomas.
Tr. 120. Appellant was on trial for the murder of Miss Thomas.

17. Bram v. United States, 168 U.S. 532, 541, 18 S.Ct. 183, 186, 42 L.Ed. 568 (1897). *See also* Opper v. United States,

348 U.S. 84, 91–92, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

18. 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

19. Witnesses testified to having observed appellant shortly before and shortly after the shooting actually took place, but it appears that no one was looking when the gun was fired.

20. 108 U.S.App.D.C. 375, 282 F.2d 858 (1960), writ of certiorari dismissed as improvidently granted, 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184 (1961).

21. The government also suggests that appellant "deliberately bypassed the orderly federal procedures" available for review of his claims and that review is therefore barred in this proceeding. Kaufman v. United States, 394 U.S. 217, 227, 89 S.Ct. 1068 n. 8 (1969). The record at present shows only the bare fact that the claim was not in fact made on appellant's direct appeal. This, of course, is far short of the high standards required to show waiver of a constitutional right. *See* note 9 *supra*, and materials there cited.

Kaufman v. United States [22] makes clear that the relief available under § 2255 is at least as broad [23] as that available to state prisoners seeking federal habeas corpus: [24]  save for those errors which may be considered harmless, trial errors of constitutional magnitude are cognizable on collateral attack.[25]  Consequently, appellant's constitutional challenge to the admissibility of his statements is open in this proceeding.[26]

Reversed and remanded.

22. 394 U.S. 217, 89 S.Ct. 1068 (1969).

23. *Cf.* Andrews v. United States, 373 U.S. 334, 339, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963).

24. Kaufman v. United States, *supra* note 22, 394 U.S. at 222–231, 89 S.Ct. 1068; Sanders v. United States, *supra* note 7.

25. Fay v. Noia, *supra* note 9, 372 U.S. at 409, 83 S.Ct. 822.

26. We need not now decide whether appellant's challenge to the admissibility of his statements under Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), is cognizable in the present proceeding. *Mallory* was rested solely upon the construction of Fed.R. Crim.P. 5(a), and the Supreme Court in consequence had no occasion to decide whether the conduct proscribed by the Federal Rules was proscribed by the Constitution as well. Of course some errors not of constitutional magnitude are cognizable under § 2255, *see* Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (by implication), and the *Mallory* rule may be such a one. A contrary conclusion would of course require decision of the difficult question whether the result in *Mallory* is constitutionally required, particularly in light of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). That *Miranda* is not in general retroactive, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), does not necessarily mean it has no application to conduct already known by the government to be unlawful for reasons not necessarily grounded in the Constitution. Compare Johnson, *supra*, at 729–732, 86 S.Ct. 1772.