**UNITED STATES of America**

v.

**Herbert S. COOPER, Appellant.**

**No. 82–2016.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 3, 1983.

Decided Jan. 13, 1984.

**54.** Issues not specifically addressed in this opinion have been found by this court to be  without merit.

Larry Turner * with whom Steven H. Goldblatt, Washington, D.C. (appointed by this court), Samuel Dash and G. Richard Strafer, Washington, D.C., were on the brief, for appellant.

Craig N. Moore, Asst. U.S. Atty., Washington, D.C., a member of the Bar of the District of Columbia Court of Appeals pro hac vice by special leave of Court, with whom Stanley S. Harris, U.S. Atty., Washington, D.C. (at the time the brief was filed), Michael W. Farrell, Judith Hetherton and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before WALD and BORK, Circuit Judges, and WILLIAMS,** Senior District Judge, United States District Court for the Central District of California.

Opinion PER CURIAM.

PER CURIAM:

On December 16, 1981, appellant entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), on a firearms charge and was later sentenced to 20 months in federal prison. On April 1, 1982, acting *pro se* he filed a motion under 28 U.S.C. § 2255 to vacate the sentence. On April 26, 1982, he

filed a second motion stating grounds alleged in the first motion. Based on the entire record of proceedings, the district judge denied both motions without an evidentiary hearing on May 25, 1982. No appeal was taken.

On June 22, 1982, appellant filed a third § 2255 motion reiterating many of the earlier allegations but also now claiming that his attorney had told him that he would get only a 30-day sentence and would be put in a "special program." The third petition was summarily denied on July 29, 1982 and appellant filed a timely notice of appeal therefrom.

We are called upon to decide (1) whether we have jurisdiction to hear an appeal from denial of the third § 2255 motion since it raises claims identical to the earlier motions which were not appealed, (2) whether the district court erred in dismissing the third petition summarily and (3) whether the case is moot since appellant is no longer "in custody."

### MOOTNESS

Turning to the last issue first, it is obvious that appellant was "in custody" when the petitions were filed. He has subsequently been released from both prison and a halfway house. If Cooper were currently in prison or a halfway house, or on parole, it is clear he would be "in custody" for habeas corpus purposes. *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1962) which held that parolees are "in custody" for § 2244 purposes.

However, since Cooper is no longer imprisoned or on parole, we must consider whether *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) renders the case moot. In *Lane,* respondents, like the petitioner herein, challenged the sentences which had been imposed pursuant to a plea bargain. Approximately one year after sentencing, respondents were released from jail and placed on parole, but were

---

* Entered an appearance as student counsel pursuant to Rule 20 of the General Rules of this Court.

** Sitting by designation pursuant to 28 U.S.C. § 294(d).

subsequently incarcerated for parole violation. Each filed a habeas petition, claiming that the first sentencing had violated his due process rights, since no one had told him that his plea bargain included a mandatory three year parole period. The Supreme Court held that the claims of the two defendants for habeas relief were moot.

> Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. "Nullification of a conviction may have important benefits for a defendant ... but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."

455 U.S. at 631, 102 S.Ct. at 1326–1327.

In *Lane,* the Supreme Court relied heavily on the fact that the petitioners were attacking only their sentences. The present case is distinguishable since Cooper is challenging more than just his sentence. We therefore do not find the appeal moot.

### APPROPRIATENESS OF THE DISMISSALS

Appellant's first two petitions were dismissed by a short order with little explanation; the third was denied without an evidentiary hearing. The first petition raised various constitutional issues and claimed "ineffective assistance of counsel," alleging that defense attorney Levin did not advise him of his right to appeal and that there were at least two violations of Rule 11 of the Federal Rules of Criminal Procedure in the taking of his guilty plea, to wit, that the plea was made without knowledge of its consequences, and was made involuntarily. The second petition was substantially similar to the first except it omitted any alleged Rule 11 violations. For the first time, however, Cooper complained that his lawyer had told him that he would receive only a 30-day sentence and also that his lawyer

had failed to file an appeal that Cooper had requested.

During the colloquy that attended the taking of the plea, the defense counsel told the court in the presence of his client, that Cooper (1) waives his right to contest the search and the arrest, (2) waives a jury, (3) waives his right to have a trial, and (4) waives his right to appeal except for an illegal sentence.

The Court advised Cooper (1) of the government's obligation to prove the elements of the crime; (2) that defendant had the right to confront and cross-examine witnesses at a trial; (3) of defendant's right to testify at a trial; (4) inquired whether anyone had made him any promises regarding sentence; and (5) asked whether his plea was voluntarily offered.

■ On appeal of the denial of his third § 2255 motion, Cooper claims that the plea was defective because (1) he was not informed of the elements of the crime; (2) he was not told the maximum penalty; and (3) he was not informed that at trial he could refuse to testify against himself.[1]

■ Habeas courts do not sit to ensure compliance with the strict technicalities of Rule 11. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1978) (to be successful in collateral attack on guilty plea, Rule 11 violation must result in a proceeding "inconsistent with the rudimentary demands of fair procedure" or in a "complete miscarriage of justice."); *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Since "[t]he nature of the inquiry required by Rule 11 must necessarily vary from case to case, a resulting plea may be upheld as long as the district judge had adequately informed the defendant of the 'alternative courses of action open to' him." *Kloner v. United*

---

1. The government argued that because Cooper had failed to timely appeal the denial of the first two § 2255 motions, this court is barred from considering an appeal from the denial of his third § 2255 motion which, according to the government, raises "claims identical to those in his two previous motions." Brief for Appellee

at 12. However, since Cooper filed his first two motions in *pro se,* we feel it is the better practice to consider the third motion on the merits, ignoring any possible flaws in its timeliness. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

*States,* 535 F.2d 730, 733 (2d Cir.1976) (citations omitted).

■ Although the rule calls for the judge to personally address the defendant during the plea-taking inquiry, it is not fatal for him to rely upon the attorney to enumerate one or more of the rights waived by the defendant. *United States v. Gray,* 611 F.2d 194, 198–99 (7th Cir.1979). *See also Kloner,* 535 F.2d at 733.

Cooper's claim that he was not informed of the elements of the offense is refuted by the fact that the indictment was read to him and the prosecutor articulated all the evidence he would produce against defendant if the case would go to trial. His claim of not being told of the maximum sentence is disputed by his own revelation that his attorney told him the *most* he could get would be two years. (Appellant's Brief at 7). His contention that he was not told he could refuse to testify in his own behalf is disputed by the reported colloquy in which the judge told him he could testify in his own behalf *if he so desired* (Tr. 11) (emphasis added). Further, it was disingenuous for Cooper to claim in his first petition that he was not informed of his right to appeal and to assert in the second that his attorney failed to file a requested appeal.

In this circuit, the specific rule governing when a habeas court may deny a § 2255 application without an evidentiary hearing, even though the application includes an issue not previously raised in a habeas petition, was recently set forth in *United States v. Kearney,* 682 F.2d 214 (D.C.Cir.1982). Although the main issue in *Kearney* was whether the district court had erred in dismissing appellant's second § 2255 petition (his third habeas application), which included an issue decided on a prior petition, the court also considered the propriety of denying appellant's first § 2255 petition without a hearing. Appellant had been convicted of second degree murder and of carrying a dangerous weapon. After he was sentenced, appellant having lost on a direct appeal, filed what was apparently a non-§ 2255 habeas corpus petition in September 1973. This petition was denied on procedural grounds. A second petition, the first § 2255 application, was filed in November, 1973, repeating many of the charges in the September, 1973 petition. In February, 1974 the trial judge, "upon consideration of the *files and record* of [the] case," and of the opinion denying the direct appeal, dismissed the first § 2255 application without a hearing. This court stated that the denial of the first § 2255 motion was proper, even though no hearing had been held:

> Since the [habeas court] considered and ruled on the substantive grounds upon which Kearney based his claim of legal rights as set forth in the affidavit of Warren and the "files and record" in the case, and not on any defect of form or procedure; and since under section 2255 the court had complete jurisdiction over the subject matter and parties to decide the validity of Kearney's motion, its order denying such motion constituted a decree on the "merits."

682 F.2d at 218. Clearly, consideration of the files and record of the case complied with the statutory directive of § 2255.

■ Appellant would have this court's disposition controlled by *Tucker v. United States,* 427 F.2d 615 (D.C.Cir.1970). In *Tucker,* this court reversed the denial of petitioner's second § 2255 petition without a hearing. Writing for the court, Judge Bazelon held that none of the four instances in which a motion for post-conviction relief may be denied without a hearing was applicable. Those four situations were:

(1) where " 'motion and the files and records in the case conclusively show that the prisoner is entitled to no relief;' " [*citing* 28 U.S.C. § 2255 (1964) ].

(2) "if the grounds for relief relied upon were previously determined, on the merits, adversely to the applicant after an adequate hearing, and 'the ends of justice would not be served by reaching the merits' of the new application;"

(3) "if the government can show that a successive application for relief constitutes an abuse of the remedy;" or

(4) "if the applicant has deliberately by-passed ordinary procedures for review available to him."

427 F.2d at 617. Even if *Kearney* has not substantially restricted the holding in *Tucker,* it is apparent that the instant case fits *Tucker's* third situation: Cooper abused the writ.

█ Furthermore, the Supreme Court has stated on numerous occasions that the habeas judge must be allowed to exercise his discretion:

"[E]ach application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be considered, and even given controlling weight, are ... a prior refusal to discharge on a like application." [*Salinger v. Loisel,*] 265 U.S. [224] 231 [44 S.Ct. 519, 521, 68 L.Ed. 989]. The Court quoted approvingly from Mr. Justice Field's opinion in *Ex parte Cuddy,* supra (40 F.[62] at 66); " 'The action of the court or justice on the second application will naturally be affected to some degree by the character of the court or officer to whom the first application was made, and the fullness of the consideration given to it.' " 265 U.S., at 231, 232 [44 S.Ct., at 521, 522].

*Sanders v. U.S.,* 373 U.S. 1 at 9, 83 S.Ct. 1068 at 1074, 10 L.Ed.2d 148. *See Fay v. Noia,* 372 U.S. 391, 433, 83 S.Ct. 822, 846, 9 L.Ed.2d 837 (1962); *Laughlin v. United States,* 474 F.2d 444 (D.C.Cir.1972) (per curiam), *cert. denied,* 412 U.S. 941, 93 S.Ct. 2784, 37 L.Ed.2d 402 (1973). Appellant has raised no distinct claim that such discretion was abused in the instant case.

█ Finally, appellant contends that at least in the order denying the first two petitions, the district judge utilized a mem-orandum filed by Cooper's lawyer to explain his recollection of what he told his client prior to the plea taking. Cooper claims it was error for the judge to have considered this because there is no proof that the memorandum was ever served on appellant or that he had an opportunity to refute it. Rule 7(c) of Rules Governing § 2255 Habeas Corpus Proceedings.

It is true that there is no indication on the Memorandum that a copy of it was submitted to the appellant and at oral argument, counsel for Cooper confirmed that appellant did not receive a copy. Nonetheless, even if the petitioner was not presented with it, the Memorandum did not reveal any information which the habeas judge did not have from Cooper himself when he ruled on the third petition. *See* Motion to Vacate Sentence, filed July 29, 1982, at 6. To remand for a determination of whether appellant received a copy of the Memorandum "would be an unwarranted elevation of form over substance." *Whalem v. United States,* 346 F.2d 812, 817 (D.C.Cir.1965). Even the case on which appellant relies recognized that there are instances in which, despite an error by the court, "no useful purpose would be served by remanding [the] case for further proceedings." *United States v. Goodman,* 590 F.2d 705, 709 (8th Cir.), *cert. denied,* 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979). *See also Miller v. United States,* 564 F.2d 103 (1st Cir.), *cert. denied,* 435 U.S. 931, 98 S.Ct. 1504, 55 L.Ed.2d 528 (1977).

*Affirmed.*