UNITED STATES of America

v.

LEIBY, Glenn, Appellant.

No. 86–1702.

United States Court of Appeals,
Third Circuit.

Submitted May 15, 1987.

Decided May 27, 1987.

Cheryl J. Sturm, Wayne, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief, Appellate Section, Joseph M. Miller, Eric Kraeutler, Asst. U.S. Attys., Philadelphia, Pa., for appellee.

Before GIBBONS, Chief Judge, and MANSMANN, Circuit Judge, and McCUNE, District Judge.*

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

This matter comes before us on appeal from an order of the district court which denied the appellant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (1982). We find that the district court did not abuse its discretion by denying the motion without a hearing, since the motion presented grounds for relief which the court determined adversely to the appellant on the merits in a previous § 2255 application. Because a direction to consider the merits of the latest motion would not serve the ends of justice as expressed in *Sanders v. United States,* 373

---

* Honorable Barron P. McCune of the United States District Court for the Western District of Pennsylvania, sitting by designation.

U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), we will affirm the district court's judgment.

## I.

On September 7, 1983, the Government charged the appellant, Glenn Leiby, with conspiracy to manufacture and to distribute methamphetamine in violation of 21 U.S.C. § 846 (1982), manufacturing and distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1982), and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (1982). Pursuant to a plea agreement, Leiby pled guilty on January 20, 1984 to one count of conspiracy and to one count of distributing methamphetamine.[1]

On February 23, 1984, the district court sentenced Leiby to five years imprisonment with five years of special parole and imposed a $15,000 fine on the § 841(a)(1) count. The court further sentenced Leiby to three years probation to run consecutively to the special parole term and fined him $15,000 on the conspiracy count. Leiby raised no immediate objection to the sentence.

On June 18, 1984, Leiby filed a motion for reduction of sentence under Fed.R. Crim.P. 35(b). Following the Government's response, the district court denied the motion. Leiby filed a notice of appeal to this court, but the district court entered an order of voluntary dismissal on October 23, 1984.

On July 5, 1985, Leiby filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion alleged, *inter alia*, that: (1) "The special parole term of 5 years, if allowed by the plea agreement, was illegal in that the petitioner was not advised of a 5 year special parole term and this renders petitioner's guilty plea involuntary" and (2) "Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily in that the plea agreement was violated."

The district court granted the motion in part and denied it in part. By order dated October 18, 1985 the court accordingly amended Leiby's sentence on the § 841(a)(1) count by reducing the special parole term from five to two years. In amending the sentence the court stated:

> Mr. Leiby concedes that the court correctly advised him that if he pled guilty to count six, he could receive a sentence of five years followed by a special parole term of *at least* two years. A special parole term of at least two years is required by the statute.[2]

> Therefore, the defendant and his attorney knew, in fact, and fully contemplated that if sentence was imposed on count six there would have to be a special parole term of at least two years. (Motion to Vacate, Set Aside, or Correct Sentence at 5). In his petition, he states that he bargained for two years special parole, not three. "The plea he was advised of was 5 + 5 + 2. At sentencing he received 5 + 5 + 3." *Id.*[3]

> Mr. Leiby cannot reasonably argue that he had a mistaken belief that the United States Attorney or the court could impose a sentence under count six without adding a special parole term. Here, there was in defendant full expectation that if sentenced under count six, there could be the maximum period of incarcer-

---

1. We set forth the plea bargain colloquy among the Government, Leiby, and the district court at length in the appendix which follows the opinion.

2. Title 21 U.S.C. § 841(b)(1)(B) at the time of Leiby's offense provided in relevant part: "In the case of a controlled substance in schedule ... II which is not a narcotic drug ..., such person shall ... be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both.... Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 2 years in addition to such term of imprisonment...."

3. In his § 2255 motion, Leiby stated, "The Court ... explained to Mr. Leiby that on counts 1 and 6 he could receive 5 years on each count or a maximum of 10 years imprisonment plus a $30,-000 fine together with a special parole term of 3 years. The prosecutor then indicated that the special parole term would be 'at least' 2 years."

ation permitted by law but there would have to be the minimum special parole terms permitted under law since the plea agreement did not specify a greater period. To the extent that there was a special parole term of three years imposed on count six, the sentence is illegal since it is at odds with the plea agreement. The court, having power to correct an illegal sentence at any time, will reduce the special parole term to two years.

No appeal was taken from the order of October 18, 1985.

On September 9, 1986, Leiby filed a second § 2255 motion. That motion averred as its sole ground for relief that "Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily in that Petitioner was not advised of the imposition of a special parole term as part of the plea agreement." The district court summarily denied the motion on October 23, 1986. The court specifically found: "Petitioner alleges no new grounds for relief. Petitioner's claims concerning his guilty plea and his plea agreement are identical to those adjudicated on the merits in the previous motion. I find no reason to reconsider the issues raised in the previous action." *Leiby v. United States*, No. 83-00305-02, final or-

der at 2–3 (E.D.Pa. Oct. 23, 1986). This timely appeal followed.

## II.

### A.

The Supreme Court in *Sanders v. United States* formulated guidelines to govern successive applications for federal habeas corpus and motions under 28 U.S.C. § 2255.[4] The Court announced:

Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief [footnote omitted] only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

373 U.S. at 15, 83 S.Ct. at 1077. The Court emphasized, however, that "these rules are not operative in cases where the second or successive application is shown, on the basis of the application, files, and records of the case alone, conclusively to be without merit. [Citations omitted.] In such a case the application should be denied without a hearing." *Id.*[5]

---

**4.** Title 28 U.S.C. § 2255 (1982) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that

there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

**5.** Rule 9(b) of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2255 similarly provides:

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

## B.

On appeal, Leiby argues that the district court abused its discretion in refusing to entertain the second § 2255 motion, since the court's prior determination was not on the merits and since the ends of justice would be served by reaching the merits of the subsequent application. In his brief, though, Leiby concedes that "the issue raised in the second Section 2255 Motion ha[s] been raised in the first Section 2255 Motion—that is, whether Appellant's plea of guilty was unlawfully induced and not made voluntarily in that Appellant was not advised of the imposition of a special parole term as part of the plea agreement, or that any sentence [footnote omitted] would exceed five years[.]" Therefore, this appeal implicates only the last two of the three *Sanders* criteria.

## III.

■ First, we find that the district court determined the voluntariness of Leiby's guilty plea on the merits when the court considered Leiby's initial § 2255 motion. In other words, "[t]he prior denial ... rested on an adjudication of the merits of the ground presented in the subsequent application." *Sanders*, 373 U.S. at 16, 83 S.Ct. at 1077. The appellant insists, however, that the district court did not properly determine the voluntariness of the plea since the court did not hold an evidentiary hearing. Leiby accordingly cites *Tucker v. United States*, 427 F.2d 615 (D.C.Cir.1970), for the proposition that denial of a § 2255 motion without a hearing cannot satisfy the "on the merits" requirement of *Sanders*. Yet a closer look at *Sanders* and *Tucker* belies Leiby's view.

In *Sanders*, the Court defined "on the merits" to mean "that if factual issues were raised in the prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held." 373 U.S. at 16, 83 S.Ct. at 1077. The Court thus recognized that a district court need not hold a hearing where the record as it stands decisively answers the § 2255 motion; in such a case, the court's decision will be "on the merits." Indeed, the district court in this case possessed the full files and records, including extensive transcripts, which indicated whether Leiby realized that his guilty plea might result not only in imprisonment but also in a special parole term and fines. Most significantly, Leiby confessed in his first § 2255 motion that the court "explained to [him] that on counts 1 and 6 he could receive ... a maximum of 10 years imprisonment plus a $30,000 fine together with a special parole term of ... 'at least' 2 years." Nothing, in short, required the district court to venture outside the then-existing record to determine Leiby's claims.

Leiby misplaces his reliance on *Tucker v. United States*. There, a *pro se* prisoner filed a series of motions for post-conviction relief, all of which the district court denied without either holding a hearing or appointing counsel. The prisoner's final application, in addition, raised several grounds for relief which could not be decided solely upon existing files and records. One claim, in fact, rested upon an intervening change in the law which, as the court of appeals observed, "would entitle him to a new hearing even if the merits had been determined adversely to him prior to that time." 427 F.2d at 618 (footnote omitted). But the facts supporting the holding that the district court had not denied Tucker's prior petitions "on the merits" simply do not exist in Leiby's case.

■ Second, we find that the ends of justice would not be served by reaching the merits of Leiby's second § 2255 motion and that, therefore, the district court properly gave controlling weight to its decision on Leiby's first application. *See Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077. While the Court in *Sanders* noted that the "ends of justice" test "cannot be too finely particularized," *id.* at 17, 83 S.Ct. at 1078, the Court stressed that "the burden is on the applicant...." to demonstrate its applicability. *Id.* Leiby has failed to do so.

Leiby proffers only the alleged involuntariness of his guilty plea to support his claim that the district court erred in refusing to eliminate from Leiby's sentence

the two-year special parole term and the fines. Yet, although no reference to special parole or fines appears in the plea bargain colloquy, Leiby admits that the district court advised him at the plea acceptance hearing that he might "receive ... a maximum of 10 years imprisonment plus a $30,000 fine together with a special parole term of ... 'at least' 2 years." The prisoner, nonetheless, pled guilty and raised no objection when the court imposed sentence. *Compare United States v. Hawthorne*, 806 F.2d 493, 497–98 & n. 8 (3d Cir.1986) (reversing a sentence imposing restitution where neither the plea agreement nor the change of plea colloquy mentioned restitution, and "the first mention of restitution was at the time it was imposed") *and Lane v. Williams*, 455 U.S. 624, 626, 102 S.Ct. 1322, 1324, 71 L.Ed.2d 508 (1982) (noting that "[d]uring the plea acceptance hearing, neither the trial judge, the prosecutor, nor defense counsel informed Williams that his negotiated sentence included a mandatory parole term of three years").

Finally and most important, Leiby chose to file successive § 2255 motions instead of appealing the district court's decision on the first petition. The appellant thus bypassed the opportunity to bring the merits of his case before us. In such circumstances, the ends of justice do not require the district court to re-examine those same issues. Indeed, a second petition alleging the same grounds for relief as an earlier motion amounts to an abuse of the rules of procedure when filed beyond the prescribed time for appeal from decisions in § 2255 proceedings. *See supra* note 4.

Rule 11 of the rules governing § 2255 proceedings provides that the time limit for an "appeal from an order entered on a motion for relief made pursuant to these rules is as provided in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.App.P. 4(a)(1), in turn states in relevant part:

> In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.

Without appealing from the district court's October 18, 1985 decision, Leiby filed a second § 2255 motion on September 9, 1986, which, as he concedes, once again presented the very issue raised in his initial petition.

From a policy standpoint, a rule requiring district courts to address the merits of prisoners' motions in such cases as Leiby's would effectively grant prisoners *cartes blanches* to flout the rules of habeas corpus procedure. For example, a petitioner who by oversight or otherwise failed to appeal timely from a district court's decision on his § 2255 motion might (as Leiby essentially did) simply re-file it. If the district court could not summarily deny such a successive motion but instead had to rule again on its merits, the petitioner could then appeal the merits to us. We refuse, however, to allow through our back door what could not enter through our front door.

## IV.

We conclude that the district court rightly denied the appellant's § 2255 application without a hearing. The court determined the alleged involuntariness of Leiby's guilty plea adversely to him on the merits in his previous § 2255 motion. The ends of justice would not be served by reviewing that issue. Accordingly, the judgment of the district court denying the appellant's motion will be affirmed.

## APPENDIX

THE COURT: ... Mr. Leiby, is there any plea agreement between you and the government?

MR. ROSENBERG [for the Government]: Yes, Your Honor, there is. In exchange for the guilty pleas to Counts 1 and 6, first at the time of sentencing the

government would move to dismiss the remaining counts against Mr. Leiby.

The plea agreement would be under those two counts Mr. Leiby could face up to 5 years incarceration on one count, for example, and then that any additional sentence imposed on the second count would be consecutive probation to any period of incarceration imposed on the first count, meaning the count that the Court chooses to impose incarceration, if it does. That was the most inarticulate explanation. I hope it came out somewhat clear.

There will be 5 years exposure to incarceration. Any additional time would be consecutive probation to whatever incarcerated period was imposed.

THE COURT: You say consecutive?

MR. ROSENBERG: Probation consecutive to any incarceration period.

THE COURT: As I understand it, are you saying you are recommending that a sentence not exceed 5 years?

MR. ROSENBERG: We're stipulating that the sentence, whatever the Court deems to impose, cannot exceed 5 years incarceration.

THE COURT: All right.

MR. ROSENBERG: But not stipulating to what it might be, but that consecutive probation would be an option the Court could impose following any period of incarceration.

THE COURT: Is that the full extent of it?

MR. ROSENBERG: There's an additional part of the plea agreement.

THE COURT: Is Mr. Leiby charged in any other counts?

MR. ROSENBERG: Yes, he is.

THE COURT: Are those other counts to be dismissed at the time of sentencing?

MR. ROSENBERG: That's correct.

MR. KIDD: [for Mr. Leiby]: That's correct.

MR. ROSENBERG: Of course the government later will be stating a factual underpinning for the plea, but it's specifically agreed that paragraph 12 of Count 1 of the superseding indictment, Mr. Leiby stipulates to that as a fact.

MR. KIDD: That's correct, that's part of the plea bargain.

THE COURT: Is that the full agreement?

MR. ROSENBERG: Yes, Your Honor, with the government free to recommend at sentencing up to that five years as vigorously as it wishes.

MR. KIDD: Just as the defense can argue for anything from zero to five years.

THE COURT: Under this arrangement, do you understand Mr. Leiby, that what your attorney and the attorney for the government are asking is that the Court accept a limitation upon its discretion to sentence you to the maximum penalty and therefore limit its sentencing prerogative to five years, and specifically the terms as have been agreed upon?

The Court is not bound to accept that plea agreement. If the Court determines to accept the plea agreement, you will not be able to withdraw your guilty plea, okay?

MR. LEIBY: Yes.

THE COURT: If the Court determines not accept the terms of the plea agreement, it will state so in open Court, and you would have the opportunity, should you choose, to withdraw your guilty plea and go to trial.

MR. LEIBY: Yes.

MR. KIDD: That's correct.

THE COURT: And you would also have the right to maintain your guilty plea and throw yourself basically on the mercy of the Court and have the Court then sentence you to whatever sentence it might, do you understand that?

MR. LEIBY: Yes, Your Honor.

THE COURT: Has there been any promise to you or representation to you about what your sentence would be in this case other than what has been stated here in open court by your attorney and the attorney for the government?

MR. KIDD: Your Honor, I've told Mr. Leiby he can get from zero to five years under this plea agreement, plus probation.

THE COURT: You understand whatever your attorney has told you is not a promise, it is only an explanation of what the plea agreement is and what the law is?

MR. LEIBY: Yes.

THE COURT: Do you understand that you won't be able to come back at some later time, assuming I accept your guilty plea, and say that your attorney promised you something that wasn't delivered, or that the government promised you something that wasn't made good with respect to your guilty plea and sentencing in this case?

MR. LEIBY: Yes, Your Honor.