UNITED STATES of America

v.

Gregory A. ROWE, Defendant.

Crim. No. 85-00189-01.

United States District Court,
M.D. Pennsylvania.

Dec. 11, 1987.

Gregory A. Rowe, pro se.

Albert Murray, Asst. U.S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Gregory Rowe has petitioned this Court pursuant to 28 U.S.C. § 2255 to withdraw his guilty plea entered on January 8, 1986, and to vacate his 1986 conviction for violating 18 U.S.C. § 1716(a) and § 844(b). His motion alleges that his trial attorney had failed to render effective legal assistance. For the reasons set forth below, we con-

clude that Defendant has failed to establish a meritorious claim for relief.

## PROCEDURAL HISTORY

On November 12, 1985, Gregory A. Rowe was indicted by a federal grand jury and charged with a violation of 18 U.S.C. § 1716(a), that is, mailing explosives with intent to injure or kill and damage property, and also 18 U.S.C. § 844(b), transporting explosives. On November 20, 1985, the Defendant entered a plea of not guilty to the indictment and trial was scheduled for December 19, 1985. After having granted a motion to reschedule the trial date, this Court received and accepted a change of plea by the Defendant on January 8, 1986. On February 5, 1986, this Court sentenced the Defendant to incarceration for a period of two years to be followed by probation for a period of five years. The Defendant was also sentenced under 18 U.S.C. § 4205(b)(2) making him immediately eligible for parole.

On April 15, 1986, Petitioner filed a motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. This Court denied that motion on June 3, 1986.

Finally, on March 16, 1987, the Defendant filed this instant motion to vacate his sentence under 28 U.S.C. § 2255. Defendant Rowe filed a supporting brief on May 11, 1987 and the United States Attorney's Office filed their response on September 24, 1987. Defendant's motion is ripe for our review.

## FACTUAL BACKGROUND

On October 25, 1985, in Williamsport, Pennsylvania, Mr. Rowe placed in the United States mail a package containing explosive materials and a triggering device that was set to detonate when opened. According to the presentence report, federal officials determined that the amount of explosives in the package would have been sufficient to cause extensive damage and perhaps even death to the recipient. Fortunately, the package was returned unopened to postal inspectors after the receiving party, a former business associate of the Defendant, became suspicious of its contents.

Based on an investigation by federal officials, Defendant was indicted and charged with the above stated offenses. It is now Defendant's contention that the guilty plea he entered in this case was not knowingly and voluntarily made because of omissions on the part of his counsel.

Specifically, Rowe claims that his attorney, James McGraw, failed to familiarize himself with the facts of the case and did not investigate possible defenses to the criminal charges involved here. As a result of this alleged inadequate representation, Rowe claims he unwittingly pleaded guilty and has suffered unanticipated consequences.

A review of the record before us, however, shows a significantly different picture than what the Defendant is currently presenting to this Court. On January 8, 1986, the day the Defendant entered a plea of guilty, this Court questioned Mr. Rowe extensively as to the validity and consequences of his actions. Following the requirements of Rule 11 of the Federal Rules of Criminal Procedure, this Court addressed the Defendant before all parties present and informed him of the charges involved and determined that his act of pleading guilty was knowingly, voluntarily and intelligently submitted.

In particular, this Court addressed the issue raised in this petition by specifically advising the Defendant as follows:

The Court: Did you know that the penalty for each of these counts is as Mr. Murray described it?

Mr. Murray: The first is 20 years.

The Court: Twenty years or a possible $10,000.00 fine or a combination of both?

The Defendant: Yes, Your Honor.

The Court: And the second one is 10 years and a possibility of $10,000.00 in fines or a combination of both?

The Defendant: Yes, Your Honor.

The Court: Those are the maximum penalties. That doesn't mean that you would necessarily be sentenced to the maximum. But do you understand that that's what the maximum is?

The Defendant: Yes.

The Court: Has anybody, whether it be your family or lawyer, police officials or

anyone else, threatened you or forced you, in any way, to make you plead guilty?

The Defendant: No.

The Court: Has anybody promised you anything at all in order to make you plead guilty?

The Defendant: No.

The Court: Now, you're making this plea of your own free will?

The Defendant: Yes.

The Court: Do you feel that you have had enough time to review this in your own mind especially and with anyone else you think is appropriate to make this determination?

The Defendant: Yes, sir.

The Court: Do you have any questions at all about these matters that I have just discussed with you that you want to ask me or that you want to have a fuller understanding of?

The Defendant: No Your Honor.

(Transcript 1/8/86 pages 11–13).

After being advised once again of the charges involved and of what the government intended to prove, Defendant Rowe affirmed his guilty plea, in writing, by signing the Change of Plea motion before the Court. (Transcripts 1/8/86) pages 19–20).

On the day Defendant was sentenced, he was again informed of the charges to which he was pleading guilty. His attorney addressed the Court extensively as to the Defendant's position in this matter and gave a forceful representation at the hearing. Finally, prior to the imposition of sentence, Defendant was asked if he wished to add anything to the record to which he responded "I'm just very sorry. I'll do whatever it takes to make people happy as far as my punishment goes." (Transcript 2/5/86, page 7).

It is clear from the file and transcripts before this Court that the Defendant was not "dupe(d)" into pleading guilty as he claims. Since the record as it stands decisively answers the § 2255 motion, we need not conduct an evidentiary hearing in this matter. *See United States v. Leiby,* 820 F.2d 70, 73 (3d Cir.1987), quoting *Sanders v. United States,* 373 U.S. 1, 16, 83 S.Ct.

1068, 1077, 10 L.Ed.2d 148 (1963); *Government of Virgin Islands v. Bradshaw,* 726 F.2d 115 (3d Cir.1984), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984).

Finally, we recognize that throughout this entire incident, the Defendant has continually blamed someone else for his predicament. At first it was the people he worked with since they allegedly dared him to commit this foolish act. Now it's his attorney's fault for not obtaining a more lenient sentence. The only time Defendant Rowe has ever indicated any remorse for his actions was when it was in this own interest to appeal to the leniency of this Court. It is obvious that Rowe's dissatisfaction is not with his attorney's performance but with the discomfort that comes from serving a criminal sentence. The restrictions on his movement and length of his probation may be unpleasant but that is part of the punishment imposed. Any sentence more lenient than what Defendant Rowe received would not reflect the gravity of this egregious offense.

### ORDER

NOW, this 11th day of December, 1987, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, filed pursuant to 28 U.S.C. § 2255, is denied.

2. The Clerk of Courts is Ordered to close this file.