909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Charles WOOD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-2122.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges, and HERMAN J. WEBER, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 James C. Wood, a pro se federal prisoner, appeals from the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255.
 
 
 4
 Wood challenged his December 1984 jury conviction of two counts of robbery of an FDIC insured bank under 18 U.S.C. Sec. 2113, for which he received two consecutive 25 year sentences. He asserted: (1) that the indictment against him was legally insufficient because it was not signed and (2) that the evidence presented at trial was insufficient to establish the FDIC insured status of the bank involved.
 
 
 5
 After a review of the files and records, the district court dismissed the motion as being without merit. Wood filed a timely appeal challenging the district court's action. On appeal, Wood also asserts that the district court erred in not treating his Sec. 2255 motion as a petition for a writ of error coram nobis and in not holding an evidentiary hearing. Wood has also filed motions for the appointment of counsel and for miscellaneous relief.
 
 
 6
 Upon review, we affirm the district court's judgment because Wood's contentions of error are meritless.
 
 
 7
 Wood's assertions of error have been previously considered and rejected by this court both on direct appeal, see United States v. Wood, 780 F.2d 555, 556-57 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986), and in a prior Sec. 2255 motion. See Wood v. United States, 831 F.2d 298 (6th Cir. October 15, 1987) (unpublished), cert. denied, 484 U.S. 1077 (1988). Thus, Wood's current Sec. 2255 motion meets the criteria for successive petitions articulated in Sanders v. United States, 373 U.S. 1, 15 (1963). Furthermore, since the files and records conclusively show that Wood's motion was without merit, the district court properly denied the petition without a hearing. See United States v. Leiby, 820 F.2d 70, 72 (3d Cir.1987); United States v. Romano, 516 F.2d 768, 770-71 (2d Cir.), cert. denied, 423 U.S. 994 (1975).
 
 
 8
 Finally, the district court did not err by refusing to treat his Sec. 2255 petition as a motion for a writ of error coram nobis because Wood is currently serving the sentences which form the basis of his petition. See Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam).
 
 
 9
 Accordingly, the motions for the appointment of counsel and for miscellaneous relief are hereby denied. The district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation