920 F.2d 1039
 287 U.S.App.D.C. 245
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
NG WAH, a/k/a Wah Jai, Appellant.
 Nos. 89-3117, 90-3146.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 18, 1990.
 
 Before RUTH BADER GINSBURG, SILBERMAN and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was heard on appeal from the United States District Court for the District of Columbia. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the Court that the District Court's orders of June 29, 1989, and June 21, 1990, be affirmed.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 Following four days of trial in district court, co-defendants Kwong Man-Fai and Ng Wah changed their pleas to guilty to various narcotics violations. Kwong Man-Fai pled guilty to four counts involving conspiracy, distribution and importation of heroin; Ng Wah pled to three heroin-related charges. At that time, the court conducted full Rule 11 inquiries and found both men to have pled knowingly and voluntarily. The court found a factual basis for the pleas in the evidence presented in the trial and bound appellants over for sentencing.
 
 
 5
 At the beginning of Kwong Man-Fai's sentencing hearing, he petitioned the court for withdrawal of his guilty plea. The court denied his motion without comment and proceeded to sentencing. Approximately six months later, appellant filed a motion to withdraw guilty plea pursuant to 28 U.S.C. Sec. 2255. On January 11, 1990, the court summarily denied the motion.
 
 
 6
 On June 29, 1989, the district court conducted a sentencing hearing for Ng Wah and sentenced him pursuant to the drug offense guidelines of the Federal Sentencing Guidelines. On July 6, Ng Wah in a pro se application moved to withdraw his guilty plea, basing his petition on a claim of ineffective assistance of counsel and further asserting that his plea was neither knowing nor voluntary because of his limited understanding of the English language. The court treated this petition as a motion for a new trial on the basis of ineffective assistance of counsel and summarily denied it on July 10, 1989. On December 27, 1989, and March 7, 1990, Ng Wah submitted two subsequent pro se petitions to withdraw his guilty plea. The court summarily denied these petitions on March 7, 1990, and April 9, 1990, respectively. This appeal followed.
 
 I.
 
 7
 Kwong Man-Fai contends that the district court should have granted his pre-sentence motion for withdrawal of guilty pleas, or in the alternative, should have conducted a full evidentiary hearing before denying his motion. Although it is true that "prior to sentencing withdrawal should be 'freely allowed' and granted 'as a matter of course,' " United States v. Morgan, 567 F.2d 479, 493 (D.C.Cir.1977) (footnote omitted), the district court's denial of a withdrawal motion "will not be disturbed absent abuse of discretion." United States v. Loughery, 908 F.2d 1014, 1017 (D.C.Cir.1990). Similarly, the decision to hold an evidentiary hearing is vested in the discretion of the trial judge. United States v. Barker, 514 F.2d 208, 219, 226 (D.C.Cir.) (en banc), cert. denied, 421 U.S. 1013 (1975); see also United States v. Thompson, 906 F.2d 1292, 1298-99 (8th Cir.), cert. denied, 1990 U.S. Lexis 5944 (1990).
 
 
 8
 Here, the district judge had observed appellant through pretrial proceedings, four days of trial, a full Rule 11 hearing, and a sentencing hearing. The court had ample opportunity to determine the merit of Kwong Man-Fai's claims. Furthermore, the district court could consider the time sequence: Appellant did not ask to withdraw his plea until the day set for sentencing, two months after his plea, but shortly after he had seen the presentence report and the recommendation contained therein. We therefore conclude that the court did not abuse its discretion in denying the motion for withdrawal or in refusing to conduct an evidentiary hearing.
 
 II.
 
 9
 Ng Wah asserts that the district court erred in applying the narcotics offense guidelines to his case rather than the fraud guidelines. Relying on Sec. 1B1.2(a) of the Federal Sentencing Guidelines, he argues that the court should have sentenced him pursuant to the fraud guidelines because the facts presented to the district court established fraud more accurately than narcotics violations. However, Guideline Sec. 1B1.2 directs the sentencing court to use the guideline "most applicable to the offense of conviction" in determining the base offense level. Here, appellant pled guilty to narcotics violations and the court sentenced appellant for the offenses to which he pled guilty. The district court therefore properly applied the drug offense guideline.
 
 
 10
 This is not a case where a conviction based on a guilty plea includes a stipulation to facts that establish "a more serious offense than the offense of conviction"; in such cases, the court should use the guideline most applicable to the more serious offense. U.S.S.G. Sec. 1B1.2(a). Here, in contrast, Ng Wah pled guilty to the offense of conviction. Because the fraud guidelines provide less severe penalties for the offenses established by the facts than do the drug offense guidelines, compare U.S.S.G. Secs. 2F1.1(a), (b)(1)(N) (fraud guidelines), with Sec. 2D1.1, Sec. 2D1.4 (drug offense guidelines), the court was obligated to apply the more serious drug offense guidelines. Thus, the district court appropriately applied the drug offense guidelines.
 
 
 11
 We further conclude that the court was not in error in using the amount of heroin under negotiation in calculating the amount of substance involved for the purpose of sentencing, even though no heroin was actually delivered.* Though Ng Wah attempts to bolster his argument by asserting the "impossibility" defense recognized in United States v. Oviedo, 525 F.2d 881 (5th Cir.1976), where, as here, the substance involved in a controlled substance case was actually inert matter rather than the drugs its possessors purported, we are unpersuaded. Whether or not we would follow the impossibility defense reasoning of Oviedo in an appropriate case (see United States v. Everett, 700 F.2d 900, 904 n. 8 (3rd Cir.1983) (contra ) (listing cases), Oviedo has no applicability here. As United States v. Broce, 488 U.S. 563 (1988), teaches, the defendant who pleads guilty and concedes that he committed a crime generally relinquishes potential defenses, even those of which he may have had no knowledge at the time.
 
 
 12
 We also find that the court committed no error in increasing the offense level based upon its conclusion that appellant was "an organizer or leader" under Guideline Sec. 3B1.1(a).
 
 III.
 
 13
 Both appellants challenge the court's summary dismissal of their post-sentence motions for withdrawal of guilty pleas. Once a defendant who pleads guilty has been sentenced, however, "permission to withdraw the plea will be granted only 'in those "extraordinary cases" when the court determines that a manifest injustice would result from allowing the plea to stand.' " United States v. Griffin, 816 F.2d 1, 5 (D.C.Cir.1987) (quoting United States v. Roberts, 570 F.2d 999, 1008 (D.C.Cir.1977)). "The stringent standard for post-sentence plea withdrawal motions is intended to prevent a defendant from testing the weight of potential punishment, and then withdrawing the plea if he finds the sentence unexpectedly severe." United States v. McKoy, 645 F.2d 1037, 1040 n. 3 (D.C.Cir.1981) (citation omitted).
 
 
 14
 Appellants argue that the district court erred by dismissing their post-sentencing petitions without evidentiary hearings. An evidentiary hearing, however, is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see also Tucker v. United States, 427 F.2d 615, 617 (D.C.Cir.1970). The rules governing proceedings under Sec. 2255 provide for summary dismissal where the district judge already has a sufficient record to make a decision: "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for summary dismissal...." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b) (1977) (reprinted in 28 U.S.C. Sec. 2255 note (1988)). Thus, motions under Sec. 2255 are presented to the judge who presided at the original conviction and sentencing because "the judge's recollection of the events at issue may enable him summarily to dismiss a Sec. 2255 motion, even though he could not similarly dispose of a habeas corpus petition challenging a state conviction but presenting identical allegations." Blackledge v. Allison, 431 U.S. 63, 74 n. 4 (1977). It is therefore within the reviewing judge's discretion whether to hold a hearing. United States v. Cooper, 725 F.2d 756, 759-60 (D.C.Cir.1984).
 
 
 15
 Appellants' claims that their pleas were involuntary because they did not understand the trial and plea proceedings are exactly the types of claims the trial judge is best able to assess. We note again the judge's opportunity to observe the appellants through trial and hearing. There was no need to expand further the record in either case. Compare Sanders v. United States, 373 U.S. 1, 20 (1963) (ordering remand where appellant's claim could not be evaluated from facts before trial court). Moreover, in the Rule 11 proceedings the court asked each appellant whether he was satisfied with his legal counsel and whether his plea had been coerced. Each expressed satisfaction with his attorney and denied any coercion. Because appellants' responses to the Rule 11 questions are presumed to be true, see Blackledge v. Allison, 431 U.S. at 74, the district judge was justified in relying on them. "A Sec. 2255 motion may be denied without a hearing as to those allegations which ... contradict the record...." Shraiar v. United States, 736 F.2d 817, 818 (1st Cir.1984) (citation omitted). Appellants' allegations that they neither understood the consequences of their guilty pleas nor pled voluntarily are directly contradicted by their answers to the Rule 11 questioning. We therefore hold that the district court did not err in refusing to conduct an evidentiary hearing before denying either appellant's petition for post-sentence relief.
 
 
 
 *
 Courts have uniformly included the amounts under negotiation in calculating the total weight of substances involved. See United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990); United States v. Adames, 901 F.2d 11, 12 (2d Cir.1990); United States v. Garcia, 889 F.2d 1454, 1457 (5th Cir.1989), cert. denied, 110 S.Ct. 1829 (1990); United States v. Ehret, 885 F.2d 441, 445 (8th Cir.1989), cert. denied, 110 S.Ct. 879 (1990); United States v. Roberts, 881 F.2d 95, 104-05 (4th Cir.1989); United States v. Sarasti, 869 F.2d 805, 806 (5th Cir.1989)